### Barbara Benda v. Charles Kalina, et al.

1. WILL CONTEST—*how right of, conferred.* The right to contest a will after probate is purely statutory.

2. WILL CONTEST—*when, must be instituted.* A proceeding to contest a will after probate should be instituted within one year after probate.

3. WILL CONTEST—*what law governs.* The law in force when a bill to contest the validity of a will is filed, governs the jurisdiction of the court to entertain the same, and not the law in force when the will was probated.

Bill to contest will. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

TERRY & WILLIAMSON, for appellant.

BURTON & WHEELER, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery by appellant against appellees, filed in the Circuit Court of Madison county, July 9, 1903. The bill discloses that one Mary Ann Kazimour died July 23, 1901, and that her will was duly admitted to probate, November 4, 1901. While the bill contains some surplusage, it is in all essential and material respects a bill to contest the validity of the will of said Mary Ann Kazimour.

Appellees, by demurrer, challenged the jurisdiction of the court, upon the ground that it appears upon the face of the bill that it was not filed within the time prescribed by the statute. The Circuit Court sustained the demurrer and dismissed the bill.

The right to contest a will in chancery, after probate, does not exist by the common law. The right is given by statute, and is dependent upon the provisions and conditions therein specified. The statute is: "When any will, testament or codicil shall be exhibited in the County Court for probate thereof as aforesaid, it shall be the duty of the court to receive the probate of the same without delay and to grant letters testamentary thereon to the person or persons entitled, and to do all other needful acts to enable the parties concerned to make settlement of the estate at as early a day as shall be consistent with the rights of the respective persons interested therein: *Provided, however,* that if any person interested shall *within one year after the probate* of any such will, testament or codicil in the County Court as aforesaid, appear and by his or her bill in chancery contest the validity of the same, an issue at law shall be made up whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury in the Circuit Court of the county wherein such will, testament or codicil shall have been proven and recorded as aforesaid, according to the practice in courts of chancery in similar cases; but *if no such person shall appear within the time aforesaid, the probate shall be forever binding and conclusive on all of the parties*

*concerned,* saving to infants or *non compos mentis* the like period after the removal of their respective disabilities."

At the time the will in this case was admitted to probate, the time given by statute within which a bill might be filed to contest, was two years. At the session of the legislature of 1903, the time was changed from two years to one year, by a bill approved May 15, 1903, going into effect July 1, 1903. Counsel for appellant contend that the statute of 1903, has application only to wills probated after it went into effect. And this is, under our view of the scope and character of the bill, the only question to be determined on this appeal.

There was a similar change in the statute enacted in 1895, when the time was changed from three years to two years. Since that change, the identical question here presented, has been twice before the Supreme Court. In these cases the court held: "The power of equity to entertain a bill to set aside a will or the probate thereof is derived exclusively from the statute, and the jurisdiction thereby conferred can be exercised only in the manner and under the limitations prescribed." "The proviso to section seven of the Act on Wills, concerning the right of parties to file a bill to contest a will, is merely a grant of jurisdiction, to be exercised only when invoked within the time fixed by such proviso, and is not a limitation on the exercise of a jurisdiction already existing." The law in force when a bill to contest the validity of a will is filed, governs the jurisdiction of the court to entertain the same, and not the law in force when the will was probated. Spaulding v. White, 173 Ill. 127; Storrs v. St. Luke's Hospital, 180 Ill. 368.

The decree of the Circuit Court is affirmed.

*Affirmed.*