THOMAS F. McDONALD *et al.*

*v.*

MARY WHITE *et al.*

*Filed at Springfield October 31, 1889.*

1. CLOUD UPON TITLE—*adverse claim under a will.* Where the adverse party in a suit to remove a cloud upon title is in the possession of the land in dispute, claiming to hold the same under a will which is alleged to be invalid for want of testamentary capacity on the part of the testator, a bill can not be maintained by another claimant to set aside the will as a cloud upon his title.

2. PROBATE OF WILL—*who may object.* A person not pecuniarily interested in the estate of a deceased person at the time of the probate of the will of such decedent, is not entitled to file a bill in chancery for the purpose of contesting the will. A purchaser after the probate of such will can not maintain such a bill.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

This was a bill in chancery, filed in the circuit court of Sangamon county, to contest the validity of the will of Catherine McDonald, deceased. Its allegations are substantially as follows:

"Your orators, Thomas F. McDonald and William Kane, respectfully represent unto your Honor that one John McDonald, late of said county, departed this life on or about the first day of December, 1877, testate; that said John McDonald left Catherine McDonald, his widow, and James H. McDonald, Margaret McDonald, (now Margaret Stubblefield,) Patrick McDonald, Andrew McDonald, and your orator, Thomas McDonald, his children, as his only heirs-at-law; that by his will, which said will was duly probated in the county court of Sangamon county, Illinois, said John McDonald bequeathed to his wife, Catherine McDonald, all his real estate of which he died seized, to have and to hold the same for and during her

natural life, giving her the rents and profits arising therefrom, and with power to dispose of said real estate by her last will and testament as she should deem proper, but not the power of sale; that among other things it was in said will provided, that in case his wife should fail, neglect or refuse to make a will or testament, he then made this disposition of his estate: To James McDonald, his son, he willed and bequeathed lot 5, of block 3, of J. W. Crosby's addition to the city of Springfield, Sangamon county and State of Illinois.

"Your orators further represent that on the 16th day of September, 1885, said Catherine McDonald departed this life, leaving what was claimed to be her last will and testament, which said pretended last will and testament was, on the 22d day of September, 1885, admitted to probate by the county court of Sangamon county, Illinois; that by said pretended will of Catherine McDonald, she gave and bequeathed to Mary White, of Springfield, the said lot 5, in block 3, in Crosby's second addition to the city of Springfield, and all right and interest that she may have in said land. But your orators represent, and charge the fact to be, that at the time of the making of said pretended will, said Catherine McDonald was not of sound mind and memory, or capable of making a will; that on the 21st day of January, 1884, in the county court of Sangamon county, State of Illinois, said Catherine McDonald was, by jury, found to be a distracted person, and a conservator was appointed for her on the 22d day of January, 1884; that after said Catherine McDonald became a distracted person the pretended will was claimed to have been executed, but your orators allege, and state the facts to be, that at the time said pretended will was made she was not of sound mind or memory, or capable of making a will; that the will was not executed by her in the presence of two witnesses, as required by law; that the witnesses did not attest said pretended will in her presence, nor did she declare it to be her last will and testament.

"Your orators further aver that the pretended will not being valid, the property before described, under the will of John McDonald, became, on the death of Catherine McDonald, the property of said James McDonald, son of John McDonald; that James M. McDonald, on the 7th day of May, 1887, conveyed to your orator, Thomas F. McDonald, all his interest in lot 5, block 3, Crosby's second addition to the city of Springfield, Illinois, and that said Thomas F. McDonald conveyed to William Kane his interest in said real estate, but that said Thomas F. McDonald yet has a half interest in said estate, although it stands in the name of William Kane upon the records.

"Your orators further represent said Mary White is in possession of said premises, claiming them under the pretended will of Catherine McDonald.

"Your orators further represent that no parties, except your orators and the said Mary White, whose husband is George M. White, have any interest in said will or in said real estate, and that your orators are the persons interested in said will, and have the right, under the statute of the State of Illinois, at any time within three years after the probate of such will, to appear, by their bill in chancery, and contest the validity of the same, and have an issue at law made up whether the writing purporting to be the will of Catherine McDonald is her will or not.

"Your orators further represent that George M. White was appointed administrator of Catherine McDonald by the county court of Sangamon county, with the will annexed, on the 25th day of September, 1885; represent that Patrick McDonald, one of the children of John McDonald, has since died, and left as his children and heirs-at-law, Annie McDonald and Katie A. McDonald.

"Forasmuch, therefore, as your orators are without remedy in the premises except in a court of equity, and to the end that the said Mary White, and George M. White, administrator, with

the will annexed, of Catherine McDonald, deceased, George M. White, who are made parties defendant to this bill, may be required to make full and direct answer to the same, but not under oath, the answer under oath being hereby waived, and to the end that the said instrument in writing, and the probate thereof, may be set aside and declared null and void, as not the last will and testament of the said Catherine McDonald, and that the said real estate before described may be freed from the operation of said pretended will, and that said pretended will may be set aside as a cloud upon the title, and that your orators may have such other and further relief in the premises as equity may require and to your Honor seems meet: May it please your Honor to grant the writ of summons in chancery, directed to the sheriff of Sangamon county, commanding him to summon the said Mary White, George M. White, and George M. White, administrator, with the will annexed, of Catherine McDonald, deceased, to be and appear before this court on the first day of the next September term thereof, to be held at the court house in said county, then and there to answer this bill."

The defendants demurred to the bill, and for cause of demurrer alleged that the complainants have not now, nor did they have at the time of the filing of said bill, any interest in the last will and testament of the said Catherine McDonald. The court sustained the demurrer, and the cause is here by the appeal of the complainants.

Messrs. Conkling & Grout, for the appellants.

Messrs. Patton & Hamilton, for the appellees.

Mr. Justice Scholfield delivered the opinion of the Court:

Since it is alleged in the bill that Mary White is in possession of the premises, claiming under the will, the bill can not be sustained as a mere bill to remove a cloud from the title, (*Hardin* v. *Jones*, 86 Ill. 313; *Gage* v. *Abbott*, 99 id. 366;

*Gage* v. *Griffin,* 103 id. 41; *Gage* v. *Schmidt,* 104 id. 106;) and therefore it only remains to determine whether the bill can be sustained as a bill to contest a will, under section 7, chapter 148, of the Revised Statutes of 1874, entitled "Wills." We think it very clear that it can not, and that the demurrer to the bill was properly sustained by the court below.

It is provided in that section, that "when any will, testament or codicil shall be exhibited in the county court for probate, \* \* \* it shall be the duty of the court to receive probate of the same without delay, \* \* \* to grant letters, \* \* \* and to do all other needful acts to enable the *parties concerned* to make settlement of the estate at as early a day as shall be consistent with the rights of the respective persons *interested therein : Provided, however,* that if *any person interested* shall, within three years after the probate of any such will, \* \* \* appear, and by his or her bill in chancery," etc., then an issue shall be made whether the writing produced is the will of the testator or testatrix. The section also provides : "But if no such person shall appear within the time aforesaid, the probate, as aforesaid, shall be forever binding and conclusive on all parties concerned."

Manifestly, the words *"parties concerned,"* mean those upon whom the law imposes the duty of settling the estate, and the words *"interested therein,"* mean those interested in the settlement of the estate,—that is, those who will be directly affected, in a pecuniary sense, by its settlement; and the words, *"any person interested,"* can only mean one of the same class of persons. The interest must be a direct pecuniary interest affected by the probate of the will, for the reference is to an existing interest, and not to an interest which may be subsequently acquired, since, in that event, the language would have been, "or if any one who shall, within three years, be interested, and appear, and by his or her bill in chancery," etc. That this is the correct meaning of the words is further manifested by reference to section 14 of the same chapter, where it is provided

32—130 ILL.

that "appeals may be taken from the order of the county court, allowing or disallowing any will to probate, to the circuit court of the same county, *by any person interested* in such will, in the same time and manner as appeals may be taken from justices of the peace," etc. It is impossible, in the very nature of things, that others than parties interested in the will at the time of probate can here be intended; and yet precisely the same reasons exist why the legislature should restrict the right of contest under section 7, as the right of appeal under section 14.

Appellants were not interested in the probate of this will. They were deprived of nothing by it. Their interest was derived by purchase long subsequent to the probate of the will, and is, therefore, not such as is within the contemplation of the statute. Moreover, James M. McDonald never had possession of this property. He never had any apparent title to it. At most, all that he had was the bare right to establish title by successfully contesting this will. But such a right is not assignable, and can not therefore be the subject of a conveyance. *Norton* v. *Tuttle et al.* 60 Ill. 130.

The decree is affirmed.

*Decree affirmed.*