EMERY A. STORRS *et al.*

*v.*

THE ST. LUKE'S HOSPITAL.

*Opinion filed June 17, 1899.*

1. EQUITY—*law in force when bill to contest will is filed controls jurisdiction.* The law in force when a bill to set aside the probate of a will is filed governs the jurisdiction of the court to entertain the same, and not the law in force when the will was probated.

2. SAME—*jurisdiction of equity to entertain bill to set aside probate is wholly statutory.* The proviso to section 7 of the act on wills, concerning the right of parties to file a bill to contest a will, is merely a grant of jurisdiction, to be exercised only when invoked within the time fixed by such proviso, and is not a limitation on the exercise of a jurisdiction already existing.

3. PARTIES—*who not entitled to file bill to set aside will and its probate.* A person not directly and pecuniarily interested in the estate of a deceased person *at the time of the probate* of the will of the decedent, is not entitled to file a bill in equity to set aside the will and the probate thereof.

4. RIGHTS AND REMEDIES—*right to file bill to contest will is personal.* The right to file a bill to set aside a will and its probate is not assignable, nor does it pass to an heir by descent or inheritance.

CARTWRIGHT, C. J., and BOGGS, J., dissenting.

*Storrs v. St. Luke's Hospital,* 75 Ill. App. 152, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

This is a bill, filed on November 23, 1896, by Emery A. Storrs by his mother and next friend, Allien F. Storrs, and the Chicago Title and Trust Company, as administrator *de bonis non* of the estate of George M. Storrs, deceased, who are the appellants herein, against St. Luke's Hospital, defendant below and appellee here, to set aside the will of Caroline T. Storrs, and the probate thereof in the probate court of Cook county. On December 16, 1896, the appellee, St. Luke's Hospital, filed a general and spe-

cial demurrer to the bill.   On June 9, 1897, the superior court of Cook county sustained the demurrer, and dismissed the bill at the cost of the complainants therein. The special ground of demurrer, alleged against the bill, was that the Chicago Title and Trust Company, as administrator *de bonis non* of the estate of George M. Storrs, deceased, was not a proper party complainant to the bill.

An appeal was taken from the decree of the superior court, sustaining the demurrer and dismissing the bill, to the Appellate Court.   The latter court has affirmed the decree of the superior court; and the present appeal is from said judgment of affirmance so entered by the Appellate Court.

The bill alleges that Caroline T. Storrs, the mother of George M. Storrs, who was the father of the appellant, Emery A. Storrs, died in Chicago about June 17, 1888, leaving said George M. Storrs, her son, as her only heir-at-law; that in June, 1887, Caroline T. Storrs executed an instrument, purporting to be her will, by which she bequeathed her estate to Byron L. Smith and Charles L. Hutchinson, in trust to pay from the income $300.00 per year to Walter H. Mead during his life, and to pay the balance of the income to her son, George M. Storrs, during his life, and, upon his death, to transfer the estate in fee simple to any heir or heirs of George M. Storrs, born of any marriage entered into by him subsequent to the date of said will; and, in default of such heirs, to devote the income of said estate to St. Luke's Hospital, the appellee; that "Exhibit A," annexed to the bill, is a copy of the will; that, at the date of said will, and for a long time prior thereto, the said George M. Storrs, the son of said Caroline T. Storrs, had been married to the mother of the complainant, Emery A. Storrs, the latter being then a child about one year old; that, on July 18, 1888, said will of Caroline T. Storrs was admitted to probate in the probate court of Cook county, and letters testamentary were granted to said Smith and Hutchinson;

that Caroline T. Storrs, at the time of executing her will, was not of sound mind and memory; but on the contrary her mind and memory were so impaired, as to render her wholly incapable of making any just and proper distribution of her estate; that George M. Storrs, the father of the complainant, Emery A. Storrs, became, shortly after the death of his mother, Caroline T. Storrs, and within three years thereafter, mentally diseased and of unsound mind, and, on January 7, 1891, he was, by an inquisition held under an order of the Supreme Court of New York for the county of New York, found and declared to be a lunatic; that, in the month of July, 1896, he died in the city of Chicago where he had been residing; that, from the year 1888 to the time of his death, he was of unsound mind and *non compos mentis;* that, upon the probate of said will, Smith and Hutchinson, named therein as trustees and executors, qualified and took possession of the estate, which, when it came into their hands, was worth about $25,000.00, and continued in the possession and management thereof until some time in 1890; that, thereafter, one Samuel W. Allerton was appointed trustee of said estate, and took possession and managed the same; that, on October 28, 1896, a bill was filed in said superior court by St. Luke's Hospital, a corporation organized under the laws of Illinois, against the said Allerton and others; and in said proceeding, on November 6, 1896, a decree was entered, directing Allerton to transfer all said estate to said St. Luke's Hospital; that said Allerton did transfer and pay over to appellee, in money and securities, the sum of $16,092.00, the amount of the estate, then remaining in his hands as trustee under said will; that, after the death of George M. Storrs, letters of administration were granted upon his estate by the probate court of Cook county to Abraham Diefendorf; that, thereafter, the said Diefendorf resigned, and the said probate court appointed the appellant, the Chicago Title and Trust Company, a corporation, administrator *de bonis non* of

the estate of said George M. Storrs; and that said latter corporation is now acting as such administrator.

TENNEY, MCCONNELL, COFFEEN & HARDING, for appellants.

LYNDEN EVANS, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The only question, involved in this case, relates to the right of the present appellants, who were complainants below, to file this bill to set aside the will of Caroline T. Storrs, and the probate thereof. The will was admitted to probate on July 18, 1888, and the present bill was not filed until November 23, 1896, more than eight years after said probate.

The proviso to section 7 of the act in regard to wills, as passed in 1872, is as follows: "*Provided, however*, that if any person interested shall, within three years after the probate of any such will, * * * appear and by his or her bill in chancery, contest the validity of the same, an issue at law shall be made up, whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury; * * * but if no such person shall appear within the time aforesaid, the probate as aforesaid shall be forever binding and conclusive on all the parties concerned, saving to infants, *femes covert*, persons absent from the State, or *non compos mentis*, the like period after the removal of their respective disabilities," etc. (2 Starr & Curt. Ann. Stat. p. 2470).

In 1895 the legislature amended said section 7, and, by the amendment, substituted the period of two years for the period of three years, and omitted the words "*femes covert*, persons absent from the State." (Sess. Laws of Ill. 1895, p. 327).

In *Spaulding* v. *White*, 173 Ill. 127, we have held, that the statute in force at the time of the filing of the bill is

the statute, which confers jurisdiction on the court to entertain a bill to contest the validity of a will, and that such statute, and not the law in force when the will was probated, must control and govern such jurisdiction. If, therefore, any right existed in the present appellants, or either of them, to file this bill, the time, within which the same should have been filed, would be governed by the amendatory act of 1895.

The doctrine is well established in this State, that courts of equity, independently of the statute, have no jurisdiction of a bill to set aside a will, or its probate. The jurisdiction of courts of chancery in this State to entertain such bills is derived exclusively from the statute, and, therefore, such jurisdiction can only be exercised in the mode and under the limitations prescribed by the statute. If "any person interested" shall, within three years after the probate, etc., or, as the law of 1895 requires, within two years after the probate, etc., appear, and, by bill in chancery, contest the validity of the will, an issue at law shall be made up, etc.; but if such person does not appear within the time limited, an issue at law cannot be made up. The appearance within the time limited is a jurisdictional fact, and is necessary to put the machinery of the court in motion, so as to contest the validity of the will. The proviso of section 7 is merely a grant of jurisdiction to be exercised only in case it is invoked within the time limited, and not a limitation upon the exercise of a jurisdiction already existing. In other words, the statute fixing the time, within which such a bill may be filed by "any person interested," is not a limitation law. (*Luther* v. *Luther,* 122 Ill. 558; *Wheeler* v. *Wheeler,* 134 id. 522; *Sinnet* v. *Bowman,* 151 id. 146; *Jele* v. *Lemberger,* 163 id. 338; *Spaulding* v. *White, supra*).

In construing the statute, we have also held that the words, "any person interested," as used in the proviso to said section 7, mean those persons, who are interested in the settlement of the estate, that is to say, those, who

will be directly affected in a pecuniary sense by its settlement; that the interest must be a direct pecuniary interest affected by the probate of the will, as the reference is to an existing interest, and not to an interest which may be subsequently acquired. A person, not directly and pecuniarily interested in the estate of a deceased person at the time of the probate of the will of such decedent, is not entitled to file a bill in chancery for the purpose of contesting the will. (*McDonald* v. *White*, 130 Ill. 493; *Jele* v. *Lemberger, supra*).

In *Luther* v. *Luther, supra*, the will there under consideration was admitted to probate on September 27, 1875, and the bill to contest its validity was not filed until nearly ten years afterwards, to-wit, on September 1, 1885; and it was there charged, that the testator had been induced to make the will by fraud, falsehood and misrepresentation, and that the complainants did not learn of the testator's unsoundness of mind and memory, nor of the fraud and undue influence practiced in obtaining the will, until March, 1884, and that the cause of action set up in the bill was fraudulently concealed by the defendants therein from the complainants, until within three years before the filing of the bill. It was contended in the *Luther case*, that the limitation should only begin to run from the discovery of the fraud, upon the ground that, according to the usual rule in equity, where a party has concealed his fraud, he is estopped from setting up the Statute of Limitations. (*McIntosh* v. *Saunders*, 68 Ill. 128). But, as the statute was there held to be not a statute of limitation, its requirement, that the bill should be filed within the time limited, was held to be imperative, and the failure to file it within such time was held not to be excused by fraud and concealment, so urged and set up.

In *McDonald* v. *White, supra*, the bill to contest the will was filed within three years from the probate of the will, but by a person, who had purchased the inheritance of one of the heirs after the death of the testatrix; and it

was there held, that such assignee of the heir could not maintain the bill. In the *McDonald case* we said: "Appellants were not interested in the probate of this will. They were deprived of nothing by it. Their interest was derived by purchase long subsequent to the probate of the will, and is, therefore, not such as is within the contemplation of the statute. Moreover, James M. McDonald never had possession of this property. He never had any apparent title to it. At most, all that he had was the bare right to establish title by successfully contesting this will. But such a right is not assignable, and can not therefore be the subject of a conveyance." (*Norton* v. *Tuttle*, 60 Ill. 130; *Illinois Land and Loan Co.* v. *Speyer*, 138 id. 137).

If we apply the principles thus announced to the facts of this case, it clearly appears that the present appellants cannot maintain the bill, and that the demurrer thereto was properly sustained by the court below. The will of Caroline T. Storrs, the validity of which is here attacked, was admitted to probate on July 18, 1888. Her son, George M. Storrs, who was interested in the estate as one of the devisees under the will, had the right to file a bill to contest it at any time within three years after July 18, 1888. He did not do so. The bill, however, alleges that he was insane or *non compos mentis* from 1888 to the time of his death in July, 1896. Under the statute he would have been entitled, within three years after the removal of the disability created by his lunacy, to file a bill to contest the will. But he died before the disability was removed, and while it existed. The question then arises, whether Emery A. Storrs, alleged to be his son, could file this bill after his father's death.

The present appellant, Emery A. Storrs, does not come within the definition of "any person interested," as used in the statute. He certainly had no interest at the time of the probate of the will. The fifth paragraph of the will provides that, in the event that George M. Storrs

should enter into the bonds of matrimony subsequently to the making of the will of Caroline T. Storrs, and should have issue by such subsequent marriage, then the trustees should, upon the death of George M. Storrs, make a transfer to such heir. The bill, however, avers that the appellant, Emery A. Storrs, was a year old at the date of the will, and was the offspring of a marriage, which had taken place before that time. He is not, therefore, such an heir, as is mentioned in the fifth clause of the will.

The right to file the bill, which existed in George M. Storrs, did not descend to the appellant, Emery A. Storrs. George M. Storrs had the bare right to establish title by successfully contesting the will. That right was not assignable, as was held in *McDonald* v. *White, supra.* If it was not assignable by a conveyance or written transfer, it could not pass by inheritance or descent. The right to dispose of property by will is always considered purely a creature of statute. (*United States* v. *Perkins,* 163 U. S. 625; *Kochersperger* v. *Drake,* 167 Ill. 122). No statute exists in this State, so far as we are advised, which authorizes the right to file such a bill to pass by descent, or to go to an heir by inheritance. The right of a widow to dower does not survive to the administrator. (*Hitt* v. *Scammon,* 82 Ill. 519). An action to recover a statutory penalty does not survive the death of the defendant. (*Diversey* v. *Smith,* 103 Ill. 378).

We are, therefore, of the opinion that the appellant, Emery A. Storrs, had no such interest at the time of the probate of the will, as would entitle him, in view of the decisions above quoted, to file a bill to contest its validity at the date, at which the present bill was filed; and that such right, as his father, George M. Storrs, had to file such a bill, did not pass to him by descent. Whether or not George M. Storrs could have filed a bill, within the time limited by the statute to contest the validity of the will, through a conservator or next friend during his in-

sanity, is a question which it is not necessary here to determine, as it does not arise upon this record.

The other appellant, the Chicago Title and Trust Company, administrator *de bonis non* of the estate of George M. Storrs, was not a proper party complainant here, because it had not such an interest, as is contemplated by the statute. The administrator *de bonis non* merely holds his title in *autre droit*, as trustee, for the purpose of distribution. (Schouler's Executors and Administrators, sec. 242).

Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

CARTWRIGHT, C. J., and BOGGS, J., dissenting.