RICHARD L. SELDEN, Exr., *et al.* Appellants, *vs.* THE ILLI-
NOIS TRUST AND SAVINGS BANK *et al.* Appellees.

*Opinion filed February 19, 1909—Rehearing denied April 7, 1909.*

1. WILLS—*right to file bill to contest a will is purely statutory.*
In Illinois the right to contest a will by bill in chancery is regarded
as purely statutory, and such right can be exercised only in the
manner and within the limitations prescribed by the statute.

2. SAME—*who may maintain a bill to contest a will.* A "per-
son interested" who may, under the statute, maintain a bill in
equity to contest a will must be a person having a direct pecuniary
interest, existing at the time of the admission of the will to pro-
bate, which will be detrimentally affected by the probate of the will.

3. SAME—*when legatee has no right to maintain bill to contest
a will.* The statute permitting "any person interested" to maintain
a bill to contest a will cannot be construed to confer that right up-
on a legatee who is deprived of nothing by the will, but who re-
ceives benefits therefrom he would not have had in the absence of
a will. (*Wolf* v. *Bollinger,* 62 Ill. 368, distinguished.)

4. SAME—*right to contest will does not pass by inheritance or
descent.* An action in chancery to contest a will can be brought
by no one except a "person interested" at the time the will was
admitted to probate, and the right of action is not assignable or the
subject of conveyance, nor does it pass by inheritance or descent.

5. SAME—*right of action to contest will does not survive.* A
right of action to contest a will by a bill in equity does not sur-
vive, and the fact that the action is begun before the death of the
party having the right of action confers no right upon her personal
representatives, heirs or devisees to be substituted as complainants.

6. ABATEMENT—*right to continue prosecution of suit is limited
to cases where cause of action survives.* The right to continue the
prosecution of a suit upon the death of the plaintiff or complain-
ant, as given by section 10 of the Abatement act, is limited to cases
where the cause of action survives.

7. SAME—*when an action to contest will abates.* An action
in equity by the sole heir to contest the ancestor's will abates upon
the death of the complainant, and neither her executor nor her
devisees can be substituted as complainants, nor can they revive
the proceeding by a bill of review.

8. CONSTITUTIONAL LAW—*no right can be violated where none
exists.* The laws of descent and those governing the right to dis-
pose of property by will, as well as those conferring the right to

contest a will in equity, are statutory enactments, which may be swept away entirely; and the fact that the right to contest a will is given to a person having an interest at the time the will is probated, but not to others who subsequently become interested as devisees under such person's will, violates no constitutional or other right of such devisees.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

This is a suit in chancery to contest the will of Daniel B. Shipman, deceased. Shipman died November 22, 1906, and his will was admitted to probate January 11, 1907. After certain specific bequests to various parties the testator devised and bequeathed the remainder of his estate to the Illinois Trust and Savings Bank of Chicago in trust, to take, possess and manage, and pay one-fifth of the net income to the Illinois School of Agriculture and Manual Training School for Boys; one-fifth to the Chicago Home for Incurables; one-fifth to the Hahnemann Hospital of Chicago; one-fifth to the Chicago Old People's Home, and one-fifth to St. Luke's Free Hospital. As originally drawn the will gave to Olive J. Cone, sister of the testator, the net income, during her natural life, from $15,000, to be paid to her by the trustee, but by a codicil to the will this trust fund was raised to $30,000. On the 15th of February, 1907, Olive J. Cone filed a bill to contest and set aside as null and void the will of Daniel B. Shipman, and the codicils thereto, and the probate of said will. The bill, as amended, alleged that Olive J. Cone was the sister and only heir-at-law of the testator; that said testator left real estate and personal property of the value of $1,500,000. The bill charges that the testator was over eighty years of age when he executed the will; that he was of unsound mind and memory, and that the attorneys, officers and agents of the Illinois Trust and Savings Bank drew the will and by undue influence, fraud and misrepresentation procured the execu-

tion of the will, and that the testator never knew the real contents of said will and codicils when he executed them. After answers and replications were filed the cause was, on motion of complainant's solicitor, on the 27th day of April, 1907, placed on the trial calendar. On January 7, 1908, and before the cause was reached for trial, Olive J. Cone died leaving a will, in which Richard L. Selden was named as executor, and upon the suggestion of her death, by leave of the court, said Selden, as executor, was on January 10, 1908, substituted as a party complainant in said bill. In December, 1907, and before the death of Olive J. Cone, Hannah Rogers Jones, a legatee under the will of Shipman and who was made a defendant to the bill, was by leave of court permitted to change her position in the case from a defendant to that of complainant. January 13, 1908, the defendants to the bill moved the court to vacate and set aside the order making Richard L. Selden, executor of the will of Olive J. Cone, a party, and to strike the amended bill from the files, on the ground that the right of action in Olive J. Cone abated at her death, and that Hannah Rogers Jones, who was not an heir of Daniel B. Shipman, was improperly made a complainant to said bill. This motion was taken under advisement by the court, and on July 16, 1908, before said motion was decided, Phebe R. Mason and Laura A. Champlain filed their petition, setting up the will of Olive J. Cone, its admission to probate and the appointment of Selden as executor; that the petitioners were heirs, legatees and devisees of Olive J. Cone, and as such became interested in and owners (upon her death) of the property left by Daniel B. Shipman. They prayed to be joined as parties complainant to the bill and for the same relief prayed in said bill. This motion was denied, and thereupon Richard L. Selden, as executor, and Laura A. Champlain and Phebe R. Mason as heirs, legatees and devisees of Olive J. Cone, asked leave to file a bill of revivor, which was also denied, and on July 18, 1908, the court, treating the motion

to vacate the order of substitution as a demurrer to the amended bill, allowed the motion and dismissed the bill on the ground "that neither the complainant, Hannah Rogers Jones, nor Richard L. Selden, suing as executor of the last will and testament of Olive J. Cone, deceased, nor the petitioners, Laura A. Champlain and Phebe R. Mason, nor any or either of them, have or has any standing to maintain or prosecute the said proceeding for the purposes alleged in said pleadings, and that the said suit abated by the death of Olive J. Cone, now deceased, the sole heir of the said Daniel B. Shipman; and the said Richard L. Selden, executor as aforesaid, and Laura A. Champlain and Phebe R. Mason, as heirs and legatees of Olive J. Cone, deceased, having moved for leave to file a bill of revivor in said cause, the court also finds that this cause cannot be revived and therefore denies said motion for leave to file a bill of revivor; and the court finds that it has no jurisdiction to proceed further in this cause." From the decree dismissing the bill Richard L. Selden, Laura A. Champlain, Phebe R. Mason and Hannah Rogers Jones have appealed to this court.

M. HENRY GUERIN, for appellants:

Any person who may be injured by allowing a will to stand may contest. *State* v. *Lancaster,* 105 S. W. Rep. 858; *In re Coursen's Will,* 4 N. J. Eq. 408; *Alden* v. *Johnson,* 63 Iowa, 124.

An heir may contest, and in case of the death of an heir, his heir, executor, devisee or administrator may contest. *Brady* v. *McCosker,* 1 N. Y. 214; *Coalter's Exr.* v. *Bryan,* 1 Gratt. 18; *Savage* v. *Bowen,* 103 Va. 540; *Henry* v. *Wort,* 42 So. Rep. 405; *Rainey* v. *Ridgway,* 41 id. 632; *Brewer* v. *Barrett,* 58 Md. 587; *In re will of Budlong,* 126 N. Y. 423; *VanAllen* v. *Hewins,* 5 Hun, 44; *Merritt* v. *Jackson,* 2 Dem. 214; *Matter of Coryell,* 4 Hun, 429; Redfield on Surrogates, (2d ed.) 101; *In re Coursen's Will,*

4 N. J. Eq. 408; *Alden* v. *Johnson,* 63 Iowa, 124; *Stancil* v. *Kenan,* 35 Ga. 102.

Although the precise question has never been decided in Illinois, yet the Supreme Court has expressed its opinion that the heir of an heir may file a bill in chancery to contest a will. *Trust Co.* v. *Brown,* 183 Ill. 42.

If the heir dies leaving no will, his administrator may contest. *Savage* v. *Bowen,* 103 Va. 540; *Holt* v. *Rice,* 51 N. H. 370; *In re Cornelius,* 14 Ark. 675.

If the heir dies after filing his bill in chancery to contest, his devisee or executor may be substituted in the same suit and continue the contest. *Brady* v. *McCosker,* 1 N. Y. 214.

A devisee in the pretended will may contest the will. *Wolf* v. *Bollinger,* 62 Ill. 368; *Jele* v. *Lemberger,* 163 id. 338; *Dyer* v. *Ewing,* 2 Dem. 160.

In case of the death of an heir the cause of action survives to his heir or executor, who may proceed by bill in chancery. *Savage* v. *Bowen,* 103 Va. 540.

The right of an heir to contest a will does not depend upon statute. It existed in Illinois, as at common law, from the beginning of the State. The validity of a will could be tested in ejectment. *Ackless* v. *Seekright,* Breese, 76.

The heir, and all who took title under him, had a right to have the issue tried before a jury, that being incident to a trial in the common law action of ejectment. That right is preserved by the constitution, which provides that the right of trial by jury as heretofore enjoyed shall remain inviolate. Const. of 1870, art. 2, sec. 5.

At common law all causes of action involving the ownership of property, no matter whether it was realty or personalty or whether the remedy was in equity or at law, survived death of an interested party. Blackstone's Com. book 3, p. 302; *Boylston* v. *Cordez,* 4 McCord, 144; *Pitts* v. *Hall,* 3 Mass. 321; *Doherty* v. *Matsell,* 54 N. Y. Sup. 17; *Leahy* v. *Brady,* 1 Daly, 443; *Emerson* v. *Bleakly,* 2 Abb. Dec. 22.

Section 7 of the Statute of Wills, while preserving the common law and constitutional right of trial by jury, also contemplates that the case shall proceed, as far as possible, "according to the practice in courts of chancery." Hurd's Stat. chap. 148, sec. 7; *Camp* v. *Shaw,* 52 Ill. App. 241.

According to the general usage and practice of courts of equity the death of a party does not abate a suit, in the sense of ending it, but merely suspends the proceedings until the proper parties are substituted in place of the deceased. Story's Eq. Pl. pars. 354*a*, 355, 356, 329, 330; 18 Ency. of Pl. & Pr. 1101; 2 Daniell's Ch. Pr. pars. 1538, 1554; *Carter* v. *Jennings,* 24 Ohio St. 182; *Schley* v. *Dixon,* 24 Ga. 273; *Hawkins* v. *Chapman,* 36 Md. 96; *Kincart* v. *Sanders,* 2 A. K. Marsh. 26; *Putnam* v. *Putnam,* 4 Pick. 139; *Nichol* v. *Roosevelt,* 3 Johns. Ch. 60; *Austin* v. *Cochran,* 3 Bland, 337.

WILSON, MOORE & MCILVAINE, for appellees:

The jurisdiction of courts of equity to entertain bills to contest wills is exclusively derived from statute, and can only be exercised in the mode and within the limits prescribed by the statute. *Luther* v. *Luther,* 122 Ill. 558; *Calkins* v. *Calkins,* 229 id. 68; *Wheeler* v. *Wheeler,* 134 id. 525; *Jele* v. *Lemberger,* 163 id. 338; *Keister* v. *Keister,* 178 id. 104; *Spaulding* v. *White,* 173 id. 127; *Storrs* v. *St. Luke's Hospital,* 180 id. 368; *Trust Co.* v. *Brown,* 183 id. 42; *Davis* v. *Upson,* 209 id. 211; *Sharp* v. *Sharp,* 213 id. 332; *Waters* v. *Waters,* 225 id. 559; *Kemmerer* v. *Kemmerer,* 233 id. 330.

The interest which the statute requires as a condition of the right to contest a will is such an interest as will be injuriously affected if the will stands. *State* v. *Lancaster,* 105 S. W. Rep. 862.

The statute only grants the right to contest to those who were interested in the probate at the date of the probate of the will. *McDonald* v. *White,* 130 Ill. 493; *Staude* v.

*Tscharner,* 187 id. 19; *Storrs* v. *St. Luke's Hospital,* 180 id. 368.

The statutory right to contest a will is not assignable and does not pass by will or descent. *McDonald* v. *White,* 130 Ill. 493; *Loan Co.* v. *Speyer,* 138 id. 145; *Storrs* v. *St. Luke's Hospital,* 180 id. 368; *Staude* v. *Tscharner,* 187 id. 19; *Norton* v. *Tuttle,* 60 id. 130.

The assignability and survivability of things in action are convertible terms. *Hegerich* v. *Keddie,* 1 N. E. Rep. 792; *Brackett* v. *Griswold,* 9 id. 438; *Railroad Co.* v. *Smith,* 80 S. W. Rep. 248; *Cardington* v. *Fredericks,* 21 N. E. Rep. 766; 3 Pomeroy's Eq. sec. 1275.

The right to contest a will being purely a creature of the statute, the legislature has the power to abrogate the proviso to section 7 and thereby take away the entire remedy provided by said proviso. The laws of descent and the right to devise are dependent upon legislative acts, and there is nothing in the constitution of this State which prohibits a change of the law with reference to these subjects at the discretion of the law-making power. *Sharp* v. *Sharp,* 213 Ill. 332; *Kochersperger* v. *Drake,* 167 id. 125; *Storrs* v. *St. Luke's Hospital,* 180 id. 368.

The constitutional guaranty of the right to trial by jury has no application to a statutory contest of a will by bill in chancery. *Petition of Ferrier,* 103 Ill. 367; *George* v. *People,* 167 id. 447.

An executor cannot prosecute a suit brought by his testator unless he would be authorized to commence a like suit if it had not been begun by his testator. *Ferrin* v. *Kenney,* 51 Mass. 294; *Schreiber* v. *Sharpless,* 110 U. S. 76; Rev. Stat. chap. 1, sec. 10.

Mr. JUSTICE FARMER delivered the opinion of the court:

Olive J. Cone, as the only heir-at-law of Daniel B. Shipman, was a "person interested" at the time of the admission of the will to probate, and as such had a right to, and did,

file a bill to contest the will. The important question to be determined is whether upon her death the cause of action survived to her legal and personal representatives.

In this State the right to contest a will in chancery is a right conferred by statute, and independently of the statute no such right has ever been recognized by our courts, though a different rule has prevailed in some States. In *Calkins* v. *Calkins,* 229 Ill. 68, we said (p. 73) : "The jurisdiction of courts of equity to entertain bills to contest wills is exclusively derived from statute and can only be exercised in the mode and within the limitations prescribed by the statute. (*Luther* v. *Luther,* 122 Ill. 558; *Jele* v. *Lemberger,* 163 id. 338.) Cases are to be found in some of our sister States which hold that the power of courts of chancery to entertain bills of this character is embraced in the general equity jurisdiction of these courts, but this rule has never been recognized in this State and it is opposed by the great weight of authority both in England and America. * * * When a bill is filed to contest a will under the statute, the jurisdiction invoked is not the general equity powers of the court but the special statutory jurisdiction, and, so far as the scope or extent of the jurisdiction extends, it is to be determined by the same rules that would apply if the jurisdiction was conferred upon some particular tribunal created to exercise this special jurisdiction and no other. A court of general jurisdiction may have a special statutory jurisdiction conferred upon it not exercised according to the course of the common law and which does not belong to it as a court of general jurisdiction." In *Waters* v. *Waters,* 225 Ill. 559, this court said (p. 561) : "Courts of equity in this State have no jurisdiction to contest a will except such jurisdiction as has been conferred by the statute. Indeed, the statute conferring jurisdiction is the only source of power entrusted to a court of equity in this State. Such being the case, a court of equity can only entertain a bill in the mode and within

the time prescribed by the statute." Other cases to the same effect are *Sharp* v. *Sharp,* 213 Ill. 332; *Wheeler* v. *Wheeler,* 134 id. 522; *Sinnet* v. *Bowman,* 151 id. 146; *Keister* v. *Keister,* 178 id. 103; *Chicago Title and Trust Co.* v. *Brown,* 183 id. 42.

This court held in *McDonald* v. *White,* 130 Ill. 493, that the words in the statute, "any person interested," meant those having a direct pecuniary interest affected by the probate of the will and that such interest must exist at the time of the admission of the will to probate. In that case the heir of a testatrix executed a conveyance of certain real estate which he claimed to own if the will of the testatrix was invalid. His grantee filed a bill to contest the will. It was held the bill could not be maintained; that the heir who made the conveyance had only a bare right to establish title to the property by successfully contesting the will, but that such right was not assignable and could not therefore be made the subject of a conveyance.

In *Storrs* v. *St. Luke's Hospital,* 180 Ill. 368, a bill was filed by Emery A. Storrs, only heir-at-law of George M. Storrs, deceased, to contest the will of Caroline T. Storrs, mother of George M. Storrs and grandmother of the complainant. The bill was filed eight years after the probate of the will of Caroline T. Storrs, and to excuse the delay in filing it alleged that George M. Storrs was *non compos mentis* from the time of the admission of the will to probate until his death, which occurred four months before filing the bill. The court said (p. 375): "The right to file the bill, which existed in George M. Storrs, did not descend to the appellant, Emery A. Storrs. George M. Storrs had the bare right to establish title by successfully contesting the will. That right was not assignable, as was held in *McDonald* v. *White, supra.* If it was not assignable by a conveyance or written transfer it could not pass by inheritance or descent. The right to dispose of property by will is always considered purely a creature of statute. (*United*

*States* v. *Perkins,* 163 U. S. 625; *Kochersperger* v. *Drake,*
167 Ill. 122.) No statute exists in this State, so far as
we are advised, which authorizes the right to file such a
bill to pass by descent or to go to an heir by inheritance.
The right of a widow to dower does not survive to the ad-
ministrator. (*Hitt* v. *Scammon,* 82 Ill. 519.) An action
to recover a statutory penalty does not survive the death of
the defendant. (*Diversey* v. *Smith,* 103 Ill. 378.) We are
therefore of the opinion that appellant, Emery A. Storrs,
had no such interest at the time of the probate of the will
as would entitle him, in view of the decisions above quoted,
to file a bill to contest its validity at the date at which the
present bill was filed, and that such right as his father,
George M. Storrs, had to file such a bill did not pass to him
by descent."

In *Staude* v. *Tscharner,* 187 Ill. 19, the testator left
two brothers as his only heirs-at-law. The will was ad-
mitted to probate in May, 1896. One of the brothers died
in January, 1898, and the other in September, 1898, with-
out either of them filing a bill to contest the will. The
heirs of the brother who died in September, 1898, filed a
bill February 26, 1900, to contest the will. The court said
(p. 20) : "The complainants claim an interest in the estate
through Robert Staude, who was one of the heirs of Au-
gustus Staude at the date of the probate of the will, but
none of them were heirs of Augustus Staude or interested
in his estate at the time of such probate. Robert Staude
and Franz Staude, the heirs-at-law of Augustus Staude,
the testator, had a right given them by statute to contest
the will, but neither of them contested it or attempted to
do so. The right to file a bill to set aside the will and
codicils and probate was not assignable and did not pass by
descent or inheritance to the complainants. They had no
right to file the bill. (*Storrs* v. *St. Luke's Hospital,* 180
Ill. 368.) The court was right in sustaining the demurrer."

By the cases above referred to it is settled law (1) that it is not by virtue of the general chancery powers that courts of equity in this State are given jurisdiction of will contests, but that such jurisdiction is derived solely from the statute; (2) that no action to contest a will can be brought by anyone except a person who was interested at the time the will was admitted to probate; (3) that the cause of action is not assignable or the subject of conveyance and does not pass by inheritance or descent.

It is not contended that, under our previous decisions, if Olive J. Cone had died before commencing the suit the action would have survived to her heirs or executor, but counsel for appellants seeks to distinguish a case of the continuation of an action that has been commenced by a proper person from the survival of a right to bring the action when the same had not been begun before the death of the party entitled to bring it. The right to continue the prosecution of a suit or proceeding upon the death of a party plaintiff, as given by our statute, (section 10 of the chapter on abatement,) is limited to those cases in which the cause of action survives. We know of no instance where it has been held that a cause of action which belongs to the class of actions that does not survive either by common law or statute may be changed to an action that survives, by the party to whom the action is given bringing suit in his lifetime. This action cannot be held to survive by the common law, for it is purely a statutory one, which can only be pursued in the mode and within the limitations prescribed by the statute, and under the construction we have given that statute there is no escape from the conclusion that the action does not survive. The tenth section of our statute on abatement gives the right to the heir, devisee, executor or administrator of a sole complainant in an action in equity who dies before final decree, upon the suggestion of the death, to be substituted as complainant "if the cause of action survive to the heir, devisee, executor or

administrator of such decedent." Under this statute, where the action survives no bill of revivor is required, but the heir, devisee, executor or administrator may, on the suggestion of the death to the court, be permitted to be substituted as complainant and proceed with the suit. But the right to do this is only conferred when the cause of action survives. It has been held that where a right of action is so entirely personal that the party in whom it exists can not by contract place it beyond his control it will not survive, (*Hegerich* v. *Keddie*, 99 N. Y. 258; 52 Am. Rep. 25;) and that, as a general rule, assignability and survivability of causes of action are convertible terms. (*Brackett* v. *Griswold,* 9 N. E. Rep. 438, (N. Y. Ct. of Appeals;) *Village of Cardington* v. *Fredericks,* (Ohio,) 21 N. E. Rep. 766.) "As a general test an executor or administrator cannot come in and prosecute a suit unless he was in a condition to commence a like suit if it had not been begun by his testator or intestate." (1 Cyc. p. 49.)

Our conclusion is, that had Olive J. Cone died at any time after the admission of the will to probate without having filed a bill to contest it the right to institute said proceeding would not have survived to the appellants, and the fact that she did file the bill before her death gave them no greater rights than if said proceeding had not been begun and they were seeking to institute an original proceeding to contest said will. The justice and wisdom of the statute may be proper subjects for consideration by the legislature but not for the courts.

It is contended by appellants that Hannah Rogers Jones was a "person interested" and as such had a right to file a bill to contest the will, and having become a complainant in such bill before the expiration of one year from the date of the admission of the will to probate she has a right to maintain said bill. It is clear she was not a "person interested" in the sense meant by the statute to give the right to contest a will. The settlement of the estate of Daniel B.

Shipman in accordance with the provisions of the will deprived her of no right she would have otherwise had, but, on the contrary, conferred upon her a benefit to the extent of giving her $2000 which she would have had no right to in the absence of the will. In *McDonald* v. *White, supra*, it was said that a "person interested" is one who will be directly affected, in a pecuniary sense, by the settlement of the estate under the will, and this clearly meant one who was affected detrimentally by being deprived of a right he would have otherwise had in the absence of a will. The statute cannot be construed to confer the right upon one who is deprived of nothing by the will but is given benefits he otherwise could not have had, to contest the validity of a will, and *Wolf* v. *Bollinger*, 62 Ill. 368, and *Jele* v. *Lemberger*, 163 id. 338, relied on by appellants, do not sustain their position. In *Wolf* v. *Bollinger* Catharine Bollinger was devised forty acres of land by the will. Shortly afterwards the testator caused the name of Catharine Bollinger to be canceled by drawing lines through it with a pen but leaving it still legible, and interlining above it the name of Christina Wolf. The will was not re-published and the witnesses to the will were not present when the alteration was made. After the will was admitted to probate Catharine Bollinger filed a bill setting out the manner in which Christina Wolf's name had been substituted for hers, and prayed that the instrument as admitted to probate be declared null and void and that the will as originally drawn and executed be established as the true will. This court held that Catharine Bollinger had the right to file and maintain the bill, and said the privilege of contesting the validity of a will is given to any person interested, "which may embrace a devisee as well as an heir-at-law." In *Jele* v. *Lemberger* the right of a devisee to contest a will was in no way involved. In discussing the question who is embraced in the phrase "any person interested," as used in the statute, the court cited *Wolf* v. *Bollinger,* that it may embrace a

devisee as well as an heir. There may be special circumstances, such as existed in *Wolf* v. *Bollinger,* where a person claiming to be a devisee must be held to be a "person interested," but no such circumstances exist in this case.

Our construction of the statute is not, as contended by the appellants, in conflict with the constitutional provision guaranteeing the right of trial by jury. The laws of descent and the laws governing the right to dispose of property by will are statutory enactments, as is also the right to contest a will in chancery. In *Sharp* v. *Sharp, supra,* it was said: "The legislature could have, had it seen fit, entirely abrogated said proviso [to section 7 of the Statute of Wills] and thereby swept away the entire remedy provided for by said proviso." Appellants were not interested in the property of Daniel B. Shipman at the time the will was admitted to probate and could not be heard to question its validity. They were not then even the heirs or devisees of Olive J. Cone, for she was still alive. But for the statute she could not have contested the will, and the fact that that right was given to her but not to her heirs or devisees violates no constitutional or other right of appellants. No right can be violated where none exists.

We are of opinion the decree of the circuit court was right, and it is affirmed.

*Decree affirmed.*