## DICKSON et al. v. DICKSON'S ESTATE et al. (No. 3243.)*

(Court of Civil Appeals of Texas. Texarkana. June 16, 1926. Rehearing Denied June 17, 1926.)

1. **Wills** ⇐229—**Will may be contested after probate by any one who might claim interest if there was no will (Rev. St. 1911, art. 5699).**

Rev. St. 1911, art. 5699, authorizing any person interested in any will to contest it after probate, does not restrict right to beneficiaries named in will, and any person who might claim interest if no will had been made is entitled to contest probated will.

2. **Wills** ⇐229—**Right to contest will or attack its validity after probate survives death of person entitled and is assignable (Rev. St. 1911, arts. 3236, 5699, 5700).**

Right to contest will or attack its validity after probate under Rev. St. 1911, arts. 3236, 5699, 5700, survives death of one having right of contest and is assignable.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Suit by Mrs. H. H. Dickson and others against the estate of Sarah Belle Dickson, deceased, and others to set aside an order probating the will of decedent. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded for trial.

B. F. Louis, of Houston, for appellants.

Fouts & Patterson, Amerman & Sears, and Hunt & Teagle, all of Houston, for appellees.

HODGES, J. This appeal is from a judgment against the appellants in a suit to set aside an order probating the will of Sarah Belle Dickson. It appears from the facts pleaded that Sarah Belle Dickson died in February, 1920, leaving as her only heirs two brothers, John F. and Henry H. Dickson. Some time prior to her death she made a will, in which she devised the greater portion of her property, which consisted of personalty, to her brother John F. Dickson and his wife. A few minor bequests were made to Henry H. Dickson and his children. The estate was valued at more than $100,000, and consisted mainly of stocks and bonds. On June 14, 1920, the will was admitted to probate in the county court of Harris county without opposi-

.tion. In May, 1924, Henry H. Dickson died, leaving a wife and three minor children, all of whom are the appellants in this case. At the time of his death Henry H. Dickson had filed no suit to set aside the probate of his sister's will. He left a will, in which he devised all of his property to his wife. A short time after his death his widow, for herself and in behalf of her children, filed this suit to set aside the judgment probating the will of Sarah Belle Dickson. After the filing of the original petition, but before filing the amended petition on which the case went to trial, the will of Henry H. Dickson was admitted to probate without opposition.

The validity of the will of Sarah B. Dickson is attacked upon the grounds of mental incapacity of the testatrix and undue influence. Appellants also charge fraud on the part of Mrs. John F. Dickson in the making of certain false representations which influenced the testatrix to discriminate against Henry H. Dickson and his family in the disposition of her property. John F. Dickson and his codefendants demurred generally and specially, alleging that the suit should be dismissed because the appellants are undertaking to prosecute a cause of action which, under existing laws of Texas, did not survive, but expired with the death of Henry H. Dickson. The trial court sustained the exceptions, and dismissed the suit upon the ground that the right of Henry H. Dickson to contest the will of his sister did not survive and descend to his heirs, and could not be transmitted by will to his devisee. That ruling presents the sole question involved in this appeal.

The following are the provisions of our statute relating to the contest of wills:

"Art. 3236. Any person interested in an estate may, at any time before any application, petition, exhibit, account, claim or other proceeding is decided upon by the court, file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits. * * *"

"Art. 5699. Any person interested in any will which shall have been probated under the laws of this state may institute suit in the proper court to contest the validity thereof, within four years after such will shall have been admitted to probate, and not afterward.

"Art. 5700. Any heir at law of the testator, or any other person interested in his estate, may institute suit in the proper court to cancel a will for forgery or other fraud within four years after the discovery of such forgery or fraud, and not afterward." Rev. St. 1911.

[1, 2] The legal right to attack the validity of a will after it has been admitted to probate is conferred by article 5699. The language of that article is significantly different in some respects from the language used in the other two in designating who may contest a will. It uses the terms "any person interested in any will," instead of "any person interested in the estate" of the testator. But manifestly this variance was not intended to restrict the right to maintain a contest of this character to those who were named as beneficiaries in the will to be contested. That article has generally been construed as permitting a contest by any one who might claim an interest in the property disposed of if no such will had been made, or in the event the probate order should be set aside because of invalidity of the will.

As supporting the ruling of the trial court, counsel for appellees refer to the cases of Ransome v. Bearden, 50 Tex. 119, Selden v. Illinois Trust Co., 239 Ill. 67, 87 N. E. 860, 130 Am. St. Rep. 180, and some other less applicable foreign decisions. Ransome v. Bearden was a suit by Susan Ransome and her son, E. W. F. Ransome, to set aside a judgment probating the will of one Jackson, on the ground that the instrument was a forgery. Susan Ransome was the only heir of Jackson, and had assigned to E. W. F. Ransome the personal property belonging to the estate which she would have inherited had no will been made. Upon exceptions interposed by opposing parties it was held that the assignee, E. W. F. Ransome, was not entitled to maintain a suit of that character. The law controlling the contest of a will at that time is found in 2 Paschal's Digest, arts. 5542–5544. Article 5542 provides that any person interested in a will may, within four years after the date of the order probating the will, institute a suit to contest its validity. Article 5543 is as follows:

"In addition to the suit allowed by the preceding section, a suit may be commenced by an heir, or legatee, or devisee, under a former will, or other person interested in the estate, to set aside a will on the ground of forgery or fraud, at any time within two years after the discovery of such forgery or fraud."

Article 5544 gives to persons under disability and "the representatives of such persons" additional time within which to institute a contest under the provisions of either of the two preceding articles.

In applying the above legal provisions in Ransome v. Bearden, Judge Gould said:

"Our opinion is, that the court did not err in deciding that E. W. F. Ransome was not a 'person interested in the estate' so as to be entitled to bring suit to contest the validity of the will within two years after the discovery of the forgery. He was only interested through a transfer from his mother of a part of her interest. The statute makes no mention of assignees, donees, or purchasers from heirs, and by this silence as well as by the use of the expression 'representative of such person,' seems to exclude them. The very liberal provisions which it makes in favor of the heirs, etc., were not, we think, designed to extend to a mere donee of an heir. As E. W. F. Ransome showed no right to sue, the case was rightly dismissed as to him. But Susan A. Ransome sued as heir, and she brought her suit, as she alleges, in the

language of the statute, within two years after the discovery that the will was forged."

It will be noted that the article there under consideration was one relating to a contest for forgery or fraud. In designating those who may maintain such a contest the statute specifies the class of persons, such as "heirs and legatees and devisees under a former will." That designation was construed, it seems, as a limitation upon the exercise of the statutory right of contest for forgery or fraud. However, it is not easy to understand why the further language, "or other person interested in the estate," was ignored. For, besides the heirs of the testator, or the legatees and devisees under a former will, the descendants of heirs or their assignees and devisees are the only imaginable "other persons" who might claim an interest in the estate disposed of by the putative will. But the language of the statute then applied is different from the article now authorizing a contest for forgery or fraud, or for any other cause.

The Illinois case referred to above supports the ruling of the trial court. But Abrams v. Ross Est. (Tex. Com. App.) 250 S. W. 1019, is a more recent Texas decision, and one which we think recognizes the right of an heir to transfer by assignment his statutory privilege of contesting the validity of the will of the ancestor. The instrument there involved was the will of Sarah Ross, formerly the wife of George Tennille. According to the pleadings of the contestants, Tennille and wife owned a community property consisting of approximately 4,300 acres of land. During the lifetime of George Tennille more than half of the land was seized and sold under execution, and purchased by Underwood. Tennille and his wife Sarah died, leaving as their only heir a son, George C. Tennille. Sarah Tennille, who became Sarah Ross after the death of her first husband, left a will in which she canceled a debt due from her son George, and devised the remainder of her property to her grandchildren and daughter-in-law, the wife of George C. Tennille. Some time later George C. Tennille died, leaving a will in which he undertook to devise all of his property, including the real estate formerly owned by his father and mother, to his son, Tom C. Tennille. In 1875, after the death of George C. Tennille, an application to probate the will of his mother, Sarah Ross, was filed, but no further proceedings were had until many years later. In 1904 the will of George C. Tennille was probated. That instrument, in the absence of the will of Sarah Ross, vested title to all the property owned by Mrs. Ross in her grandson, Tom C. Tennille, the sole beneficiary under the will of George C. Tennille. After the probate of that will an effort was made to revive and complete the proceedings to probate the will of Sarah Ross. Those proceedings were resisted in the form of a contest by the purchasers under the execution sale to Underwood. In their contest the purchasers, as contestants, alleged that sale as a source of their title, and in addition alleged a purchase from Tom C. Tennille without notice of any adverse claims asserted under the will of Sarah Ross. In discussing the right of the contestants to resist the proceedings to probate the will of Sarah Ross, the court said:

"Obviously the burden is upon every person appearing to oppose the probate of a will to allege, and, if required, to prove, that he has some interest in the estate of the testator which will be affected by such will if admitted to probate. In the absence of such interest a contestant is a mere meddlesome intruder. Contestants in this case alleged that proponents denied the validity of their title under such execution sale, and pleaded, in addition thereto, their title under deed from Tom C. Tennille, sole devisee of George C. Tennille, who was in turn sole heir of Sarah Ross. They had a right to plead both their titles in the alternative. They were not required to rely upon one or the other. If either title pleaded showed in them any interest in the estate of Sarah Ross, in the absence of the probate of her will, they were entitled to contest such probate. We believe that their plea that they held under deed from Tom C. Tennille showed such interest."

This decision holds, in effect, that the purchasers from Tom C. Tennille, the devisee of George C. Tennille, heir of the testatrix Sarah Ross, acquired by the conveyance from Tom C. Tennille an interest which enabled them to contest the probate of the will of Sarah Ross. That holding is a clear recognition of the doctrine that the right to contest the probate of a will is assignable and does not cease with the death of the original heir interested in the estate disposed of by the will.

The best-considered case, we think, found among the decisions of other courts, is that of Ingersoll v. Gourley, 72 Wash. 462, 130 P. 743, which announces the same ruling. After reviewing a number of cases decided by the courts of other states, the court in that case said:

"The net result of the foregoing authorities is that the courts of Massachusetts, Missouri, Ohio, Minnesota, and Kentucky, and it would seem Virginia, also, hold the right or interest of the disinherited heir the subject of voluntary or involuntary assignment, which would, as we have seen, carry with it the survivorship of the right to contest the disinheriting will; while in Alabama, and apparently in New York, it is held that the heir of the disinherited heir may contest the will or revive a contest already commenced. On the other hand, the courts of Illinois alone, under a statute according the right of contest to 'any person interested' providing he appear within three years after the probate, hold that the right or interest of a disinherited heir is not assignable so as to give the assignee

the right of contest, and hence that the right does not survive. McDonald v. White, 130 Ill. 493, 22 N. E. 599; Storrs v. St. Luke's Hospital, 180 Ill. 368, 54 N. E. 185, 72 Am. St. Rep. 211; Staude v. Tscharner, 187 Ill. 19, 58 N. E. 317; Selden v. Illinois Trust & Sav. Bank, 239 Ill. 67, 87 N. E. 860, 130 Am. St. Rep. 180; Selden v. Illinois Trust & Sav. Bank, 184 F. 872, 107 C. C. A. 196. The controversy in the last case having arisen under the laws of the state of Illinois, the federal court adopted and followed the construction placed upon those laws by the courts of that state. The decision has no significance except as determining the effect of the decisions of the Illinois courts."

The following cases are cited as holding similar views: Watson v. Alderson, 146 Mo. 333, 48 S. W. 478, 69 Am. St. Rep. 615; Bloor v. Platt, 78 Ohio St. 46, 84 N. E. 604, 14 Ann. Cas. 332; In re Langevin's Wills, 45 Minn. 429, 47 N. W. 1133; Davies v. Leete, 111 Ky. 659, 64 S. W. 441; Foster v. Jordan, 130 Ky. 445, 113 S. W. 490; Brooks v. Paine, 123 Ky. 271, 90 S. W. 600; Savage v. Bowen, 103 Va. 540, 49 S. E. 668; Rainey v. Ridgway, 148 Ala. 524, 41 So. 632; McCosker v. Brady, 1 Barb. Ch. (N. Y.) 329; Van Alen v. Hewins, 5 Hun (N. Y.) 44.

Many other cases are referred to in the copious notes to Braeuel v. Reuther, a Missouri case reported in L. R. A. 1918A, 444. Counsel for appellees have cited the principal case as holding that the right to contest a will does not survive. The case may be found also in 270 Mo. 603, 193 S. W. 283, Ann. Cas. 1918B, 533. The opinion merely holds that under the Missouri law an executor cannot maintain such a contest, but in the course of the opinion the court refers to and reiterates the doctrine announced in Watson v. Alderson, supra.

But turning from the consideration of precedents to a discussion of the question upon principle, we think that under our law the right to contest the validity of a will does survive and may be assigned. It is true that the right to contest a will, especially after the instrument has been regularly probated, is purely statutory, but that fact does not make the right exclusively a personal one. It might be otherwise if the right were given to persons classified by their relations to the testator. But our statute provides, in effect, that it may be exercised by any one having an interest in the estate disposed of by the will. Under the rule recognized in Texas even the expectancy of an heir apparent may be assigned, and such assignment passes to the purchaser all the rights in the expected estate which the heir might have claimed in the event the ancestor had died intestate. Barre et al. v. Daggett et al., 105 Tex. 572, 153 S. W. 120; Hale v. Hollon, 90 Tex. 427, 39 S. W. 287, 36 L. R. A. 75, 59 Am. St. Rep. 819. Interest in an estate is property, and one of the most valuable incidents to the ownership of property is the right of alienation. Ballard v. Carmichael, 83 Tex. 364, 18 S. W. 737. An interest of the kind referred to in this statute is not one that depends upon the happening of an uncertain future event, but upon the legal consequences of a past event. When the ancestor dies the estate either passes by descent to the heir, or by will to the devisee. The purpose of the probate proceedings which may be contested is to ascertain and declare what has occurred. If the will is invalid, the estate passes to the heir just as if no will had been made. On the other hand, if the will is valid, the heir takes nothing. The "interest in the will," as used in the statute, refers to the financial interest in the result of those judicial proceedings.

Let us suppose that during the lifetime of his sister Henry H. Dickson had sold and conveyed his expectancy in her estate; should it be said that the purchaser acquired no interest which would authorize him to contest the validity of a will thereafter made otherwise disposing of that estate? Or let us suppose that both of the heirs, Henry H. and John F. Dickson, had conveyed their expectancies in the estate of Sarah Belle Dickson; should it be said that no one was then left who might legally contest the will here involved? It would seem that as long as there is some one who may claim the estate if no valid will had been made, there is one who falls within the statutory designation of parties who may file a contest of this character.

We think the trial court erred in holding that the appellants were not entitled to file this contest. The judgment will therefore be reversed and the cause remanded for trial on its merits.