**Emil Oettinger, Executor, Appellant, v. Helge Bernhard Karlsson et al., Appellees.**

**Gen. No. 41,838.**

Heard in the third division of this court for the first district at the February term, 1941. Opinion filed May 27, 1942.

THOMAS C. KENNEDY and WILLIAM GILLESPIE, both of Chicago, for appellant; WILLIAM GILLESPIE, of Chicago, of counsel.

ERNEST A. EKLUND and ANDERSON & ANDERSON, all of Chicago, for appellee; JOHN N. THORNBURN, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

Plaintiff has appealed from a decree, striking his complaint and dismissing his action to contest a will; and from orders denying his subsequent motions.

On December 30, 1938, a will of Charles Anderson, deceased, dated January 30, 1935, was admitted to probate in the probate court of Cook county. Neither plaintiff nor his wife were named as beneficiaries in that will. An alleged will of Charles Anderson, same decedent, dated September 23, 1936, in which plaintiff's wife was named sole beneficiary, was denied probate in the probate court on June 14, 1939. An appeal was taken to the circuit court of Cook county from the order of denial by plaintiff who was named executor in the latter document. That appeal was pending when plaintiff filed the instant proceeding in the superior court on December 28, 1939, to contest the will which had been admitted to probate.

One of the reasons alleged in defendant's motion to dismiss in the trial court was that plaintiff was not entitled to bring the suit. If defendant's contention is correct we need consider no other point.

Section 7, chapter 148, Ill. Rev. Stat., in force when the proceeding was filed, limits the right to contest a will to persons interested therein. A ''person in-

terested'' means one who is affected detrimentally by being deprived in the will of a right he would otherwise have had in the absence of a will. *Selden v. Illinois Trust & Savings Bank*, 239 Ill. 67. At the time the will was admitted to probate, plaintiff was not an heir of the testator nor was he in anywise deprived by that will, therefore, he is not qualified to maintain this proceeding.

The decree of the superior court was properly entered and is, therefore, affirmed.

*Decree affirmed.*

BURKE, P. J., and HEBEL, J., concur.