NANCY J. TURNEY, Administratrix of KEZIAH ARNETT, deceased, Plaintiff in Error, v. DAVID A. SMITH et al., Defendants in Error.

ERROR TO MORGAN.

Where a widow dies (while she has a suit for dower pending) without having established her right to dower in lands of which her husband was seized during coverture, but which were aliened before his decease, her representatives cannot have damages assessed.

THE decree dismissing the bill was entered by WOODSON, Judge, at November term, 1852, of the Morgan Circuit Court.

M. McCONNEL, for plaintiff in error.

D. A. SMITH, for defendants in error.

TREAT, C. J. In February, 1852, Keziah Arnett filed a bill in chancery against Smith and others, praying to have dower assigned her in certain real estate of which her husband was seized during coverture, but which was aliened before his decease. In June, 1852, the defendants filed their answers, in which they denied the right of the complainant to dower in the premises. She died, intestate, in September, 1852; and, at the November term thereafter, her administratrix filed a supplemental bill, praying that the defendants should account for one-third of the rents and profits, from the commencement of the suit until the death of the widow. The cause was then submitted to the court on the pleadings and proofs, and a decree was entered, dismissing the bill.

The right to dower of course terminated on the death of the widow. The only question is, Can her personal representative recover mesne profits from the time the dower was demanded? Damages for the detention of dower were not recoverable at the common law, but were given by the statute of Merton, where the husband died seized of the estate. After the passage of that statute, the widow recovered damages as against the heir, but not as against the alienee of the husband. The damages being a consequence of the recovery of dower by the widow, could only be assessed when there was a judgment in her favor. The widow lost her damages if the heir died after judgment, and before they were assessed; and the damages were also lost to her personal representative if she died before

Turney *v.* Smith et al.

they were ascertained.   Such was the rule at law.   Bacon's Ab., Title Dower, let. I.;   Mordant *v.* Thorold, 1 Salkeld, 252.

But a different rule prevailed in equity.   The widow might establish her right to dower at law, and then go into equity, and compel the representative of the heir to account for the mesne profits; or she might resort to equity in the first instance, and have an assignment of dower and an assignment of damages in the same proceeding.   If she died after establishing her right to dower either at law or equity, her personal representative could in equity recover mesne profits from the heir or his representative.   Curtis *v.* Curtis, 2 Brown's C. R. 620; 1 Story's Eq. § 625.   And perhaps the doctrine in equity is, where the widow dies without establishing her right to dower, that her personal representative may recover arrears of dower from the heir or his representative.   However that may be, there is no authority for holding that mesne profits can, in such a case, be recovered from the alienee of the husband. ( The precise question involved in this case arose in Johnson *v.* Thomas, 2 Paige, 377.   The widow filed a bill to recover dower in real estate that had been aliened by the husband.   She died after the cause was submitted, but before any decree was pronounced; and her executor applied to the court to revive the suit in his name, in order that he might recover mesne profits.   The chancellor denied the application, and held, as the widow died before her right was established, and as the husband did not die seized of the estate, that the executor was not entitled to recover any arrears of dower. )

It is clear, therefore, that this claim of the administratrix to mesne profits cannot be sustained, either on the principles of the common law or of equity.   Nor is the claim sustainable under our statute.   It provides, that " when the report assigning dower shall be approved, the court shall forthwith cause the widow to have possession, by a writ directed to the sheriff for that purpose, and such widow shall also be entitled to reasonable damages, to be awarded her from the time of her demand, and refusal to assign her her reasonable dower."   This provision is not broad enough to embrace the present case.   The damages are to be assessed after the dower has been assigned. Here, the right to dower has not even been established. ( If the widow had died after a decree for the assignment of dower, the claim of the administratrix to mesne profits might perhaps be considered as within the equity of the statute.   There would then be some basis for an assessment of damages.   Here, a case has not arisen to authorize such a proceeding. )The widow died without establishing her right, and the damages consequent

upon the recovery of dower cannot be assessed. The principal thing was extinguished by the death of the widow, and with it fell the incident.

The decree is affirmed.

*Decree affirmed.*