WILLIS M. HITT, Admr.

*v.*

JONATHAN Y. SCAMMON *et al.*

DOWER—*suit for, can not be revived by administrator, if party is entitled to.* Where a decree assigning dower to a widow, at her suit against the alienees of her husband, is reversed in the Supreme Court, and remanded for further proceedings, and, before any further proceedings are had in the circuit court, she dies, her administrator can not prosecute the suit for the recovery of damages and *mesne* profits.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Mr. B. S. MORRIS, for the appellant.

Messrs. SCOVILLE & BAYLEY, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Sarah A. Campbell, now deceased, filed her petition, in the court below, on the 19th day of February, 1874, against appellees, praying that dower be assigned her as the widow of James B. Campbell, deceased, out of certain real estate therein described. Decree passed in her favor, from which an appeal was taken to this court, at its September term, 1874.

On consideration here, that decree was reversed, and the cause remanded for further proceedings. See *Scammon et al.* v. *Campbell*, 75 Ill. 224. Subsequently, on the 12th of March,

1875, and before any further proceedings, after the reversal of the decree, were had in the cause, Sarah A. Campbell died intestate. Appellant was duly appointed her administrator, and, as such, filed his petition in the court below, praying that the suit be revived in his name, and that he recover damages and *mesne profits*, on account of the claim of dower of his intestate. The court below decreed in favor of appellees, and that the petition be dismissed.

Appellees claim title as alienees, and not as heirs of the husband of appellant's intestate; and, on the authority of *Turney* v. *Smith et al.* 14 Ill. 242, it is clear that, unless she established her right in her lifetime, the petition was properly dismissed. It was said in that case: "If the widow had died after a decree for the assignment of dower, the claim of the administratrix to *mesne* profits might, perhaps, be considered as within the equity of the statute; there would then be some basis for an assessment of damages. Here, a case has not arisen to authorize such a proceeding. The widow died without establishing her right, and the damages consequent upon the recovery of dower can not be assessed. The principal thing was extinguished by the death of the widow, and with it fell the incident."

What basis is there here for an assessment of damages? The decree of the court below was not modified merely, nor was the cause remanded with directions to enter a new decree based upon the facts determined by the first decree; but the decree was reversed without qualification, and the cause remanded. The case then stood, for all practical purposes, precisely as if there had been no hearing, and no decree entered, and until there should, thereafter, be a decree assigning dower, there could be no basis for an assessment of damages in behalf of the administrator. Until it can be demonstrated that a decree which has been reversed has, notwithstanding its reversal, the legal effect of a valid, subsisting decree, it will be impossible to discriminate, in principle, between the present case and that of *Turney* v. *Smith et al. supra.*

The decree is affirmed.                    *Decree affirmed.*