## Charles E. Heimburger, Administrator of the Estate of Katherine Holtapp, Deceased, Appellant, v. Louis B. Holtapp, Frank G. Holtapp and George Holtapp, Appellees.

1. DOWER, § 132*—*what are rights as to assignment of.* The right to an estate in dower is created by law, and it is the duty of the heir at law, or whatever person has the next estate of inheritance or freehold in any lands of which any person is entitled to dower, to assign same as soon as practicable to the one entitled thereto, and if such dower be not so assigned, the surviving wife or husband, as the case may be, may sue and compel an assignment to be made.

2. DOWER, § 137*—*validity of parol agreement as to assignment.* The heirs owning the fee in lands may agree with the widow entitled to dower therein what the extent, limits and boundaries thereof may be, and when such an agreement has been made, it acts as a release of such dower in the remaining lands, and such agreements do not come within the Statute of Frauds.

3. DOWER, § 97*—*who may receive release of unassigned dower.* Unassigned dower is not the subject of transfer or sale and can only be released to one in privity with the title under which the doweress claims.

4. ABATEMENT AND REVIVAL, § 10*—*when rights as to assignment of dower are abated.* The rights of a widow to an assignment of her dower under an agreement therefor are abated by her death, and do not survive to her administrator.

5. CONTRACTS, § 303*—*when performance is excused.* In a contract, the performance of which requires the existence of a particular person or thing to complete its execution, a condition is always implied that the death or destruction of that person or thing shall excuse performance.

6. DOWER—*when count in declaration to recover on contract to pay a certain sum for release of dower is demurrable.* A count in a declaration in assumpsit by the administrator of a widow who, in her lifetime, had a dower and homestead interest in land based upon the theory of a contract whereby the widow promised to release to the defendants the dower and homestead interests in consideration of the payment of a certain sum of money, part in cash and part by note, which defendants had failed to do, is demurrable because it does not aver that the widow in her lifetime, in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pursuance to said contract, ever did, in fact, release her right of action to have her homestead, dower and widow's award set off, assigned and awarded.

Appeal from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed July 14, 1917.

ACTON & ACTON, for appellant.

GREEN & PALMER, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellant filed his declaration in assumpsit in the Circuit Court of Champaign county making the appellees, together with Fred Holtapp, Charles Holtapp and John F. Holtapp, defendants. Service was only procured upon appellees.

The original declaration consists of one count and to which appellees filed seven pleas. The court sustained the demurrer to the fourth, fifth, sixth and seventh pleas and overruled it as to the second and third pleas.

Appellant then filed two additional counts, to which appellees filed a general and special demurrer which was sustained, thereupon, appellant having abided by these counts and by his demurrer to the second and third pleas filed to the original declaration, judgment in bar of the action was rendered against him, to reverse which this appeal is prosecuted.

Counsel for appellant in their argument state: "The original declaration did not allege that the promise sued on was a verbal one, but with that exception, all the rights that the appellant alleges in the original count of the declaration is also contained in the second additional count of the declaration. But, since there are other allegations in the second additional count,

that are not in the original count of the declaration, it will simplify the issues argued in this case to present the case to this court entirely as to the rulings of the court, on the first and second additional counts of the declaration, to which the court sustained a demurrer and entered judgment in bar of the action.''

It will therefore be necessary to consider only the sufficiency of the first and second additional counts.

It is alleged in the first additional count that Katherine Holtapp in her lifetime was the wife of one Joseph Holtapp and that said Joseph Holtapp died on or about November 26, 1914, and left surviving him the said Katherine Holtapp, his widow, and Louis B., Frank G., George, Fred, Charles and J. F. Holtapp, his children and only heirs at law; that at the time of his death he was the owner of certain described real estate in Champaign county, being farm lands of the value of $70,000, and also a certain residence property in Rantoul, Illinois, of the value of $3,000, which was then occupied by him and his wife as a homestead; that after the death of said Joseph Holtapp, the said Katherine Holtapp' was entitled to have a widow's award allowed to her in the administration of said estate, and also had a right of action to have an estate for life set apart to her in said residence property to the value of $1,000, and also was entitled to have an estate for life set apart to her in the other real estate to the extent of one-third part thereof; that on November 29, 1915, the defendants verbally offered, promised and agreed to pay to said Katherine Holtapp $11,000 as a gross sum of money as and for a parol assignment of homestead and dower in and to real estate and also in full for said widow's award and then and there offered, promised and agreed to pay said gross sum of $11,000 in the manner following, to wit:  (a) that said $11,000 should draw interest at five per cent. from March 1, 1915;  (b) that said Kath-

erine Holtapp should have the right to select such personal property out of the estate at the appraised value as she might desire to receive, and the same to be deducted from the said sum of $11,000; (c) that she should pay $10 per month from March 1, 1915, as rent for the said homestead to the time of the payment of said gross sum of money and the same to be deducted from said sum of $11,000; (d) that she should accept the notes of the defendants for $9,500 with interest at five per cent. due in five years, to be secured by mortgage on one hundred and sixty acres of said lands as part payment of said sum of $11,000, and the balance should be paid by the defendants to her in cash, said notes and mortgage to be delivered and said money to be paid within a reasonable time; that said Katherine Holtapp at the special instance and request of the defendants, and in consideration of their parol assignment of dower and homestead as aforesaid and of their promise as aforesaid, did then and there accept the parol assignment of homestead and dower in said premises in said gross sum of money, to wit, $11,000, on the terms and conditions of said offer and promise of the defendants aforesaid, and in consideration thereof did then and there release any and all right to her widow's award and thereupon did select and receive at the appraised value, personal property from the estate of the said Joseph Holtapp, deceased, of $21.10; that thereafter said Katherine Holtapp died on, to wit, December 31, 1915, without then and there having received from the defendants the payment of said sum of money promised by them as aforesaid and without the said note and mortgage having been delivered by the defendants to the said Katherine Holtapp; that plaintiff has been duly appointed administrator of the estate of said Katherine Holtapp and has demanded of the defendants that they carry out said verbal agreement of parol assignment of home-

stead and dower and settlement of said right to widow's award by the execution of said note and mortgage and the payment of said gross sum of money, and that the defendants, although a reasonable time has elapsed for the performance of said agreements and promises, have failed to execute and deliver said note and mortgage and to pay to the plaintiff, as such administrator, the said sum of $11,000 and interest thereon, or any part thereof, excepting the said personal property of the appraised value of $21.10 received by said Katherine in her lifetime, etc.

The second additional count, after setting out the preliminary averments as contained in the first additional count, alleges that on November 29, 1915, said Katherine Holtapp, at the special instance and request of the defendants, verbally promised them that in consideration of $1,000 she would waive and release to the defendants her right to have a homestead estate assigned to her out of said lands, and that for a further consideration of $10,000 to be paid by said defendants, she would release to them her right of action to have said widow's award and dower assigned to her in said estate and out of said lands, and would also account to and pay to defendants for said homestead at the rate of $10 per month from March 1, 1915, as rent for the use of the same to the time that said money should be paid, and would credit on said $10,000 such amount as she might receive in the personal property at the appraised value as she might select, and that said defendants should pay interest on said amounts of $1,000 and $10,000 at five per cent. from March 1, 1915, and that she would accept from the defendants their notes for $9,500 with interest at five per cent., due in five years, to be secured by mortgage on one hundred and sixty acres of said lands and the balance to be paid by defendants in cash, said note and mortgage and cash to be delivered and paid within a

reasonable time; that the defendants were the children and heirs at law of said Joseph Holtapp, deceased, and are and were the owners of said real estate in fee simple but subject to the right of action of said widow to have her homestead and dower assigned to her, and on the day aforesaid and in consideration of the promises of said Katherine Holtapp above set forth, defendants verbally promised to pay to the said Katherine Holtapp for her release of her right of action to have said homestead set apart to her the said sum of $1,000, and as a consideration of her release of said dower and widow's award said sum of $10,000 with interest on each of said sums at five per cent. per annum from March 1, 1915; that in pursuance and in accordance with said agreement, and relying thereon, said Katherine Holtapp did not have her homestead and dower in said real estate assigned, and did select and receive at the appraised value personal property from said estate $21.10, and thereafter on, to wit, December 31, 1915, died without having received from the defendants said note and mortgage or the payment of said $10,000. The count concludes with the same averments as are set out in the first additional count.

The demurrer to the first additional count clearly presents the issue whether a right of action survives to the administrator of the estate of a deceased doweress to recover damages from the heirs owning the title in fee to the lands, for their failure to fulfil their joint promise to make a parol assignment of dower in a gross sum of money in the lifetime of the doweress.

The right to an estate of dower is created by law, and it is the duty of the heir at law, or whatever person has the next estate of inheritance or freehold in any lands of which any person is entitled to dower, to assign the same as soon as practicable to the one entitled thereto, and, if such dower be not so assigned, the surviving wife or husband, as the case may be, may

sue and compel an assignment to be made against such heirs or other persons whose duty it was to make such assignment. It is well settled that the heirs owning the fee in the lands may by parol agree with the widow entitled to an estate of dower therein what the extent, limits and boundaries thereof may be, and when such an agreement has been made, it acts as a release of such dower estate in the remaining lands; and such agreements do not come within the Statute of Frauds. *Lenfers v. Henke,* 73 Ill. 405; *Pearce v. Pearce,* 184 Ill. 289; *Brewer v. Brown,* 268 Ill. 562. In the case of *Pearce v. Pearce, supra,* it was held:

"The right to dower is created by law. The particular portion of the premises to be enjoyed by the widow is ascertained by the assignment. As the assignment does not create or transfer any interest in land it may be made without writing,—by verbal agreement made and entered into between the owner of the fee and the doweress.   *   *   *   The statute also created an estate of homestead in the widow in the farm.   *   *   *   The assignment of dower involved consideration of the rental value of the land; the assignment of the homestead estate involved the market or salable value of the land. We have seen dower may be assigned by parol agreement, the right not being thereby created. The assignment of the homestead estate does not create the right to that estate, but only determines the limits or boundaries thereof. On reason and principal that estate may also be assigned by parol."

Unassigned dower is not the subject of transfer or sale and can only be released to one in privity with the title under which the doweress claims. *Fletcher v. Shepherd,* 174 Ill. 262. It is also well settled that the right of a widow to dower does not survive to the administrator, and this is true even if her death does not take place until after she has brought suit to establish her rights thereto, if it occurs before her rights are actually established. *Turney v. Smith,* 14

Ill. 242; *Hitt v. Scammon,* 82 Ill. 519; *Storrs v. St. Luke's Hospital,* 180 Ill. 368; *Selden v. Illinois Trust & Savings Bank,* 239 Ill. 67.

Assuming that dower may be assigned by the payment of a sum of money in gross, the facts alleged in this count show nothing more than a promise by the heirs to assign dower. The assignment was never completed and upon the death of the widow her right to such assignment abated.

The second additional count is based upon the theory of a contract whereby Katherine Holtapp promised to release to the defendants her right of action to have homestead estate assigned to her in consideration that the defendants should pay her $1,000, and that she promised she would release to the defendants her right of action to have said widow's award and dower assigned to her in consideration that the defendants would pay her $10,000, to be paid by their joint note of $9,500 with interest at five per cent. from date and due in five years, secured by mortgage on one hundred and sixty acres of the lands, and the balance to be paid by the defendants in cash, within a reasonable time, and that defendants, in consideration of said promises of Katherine Holtapp, verbally promised to pay her said sums of money in the manner mentioned within a reasonable time. The count further shows that within thirty-one days after the alleged contract was made and before the defendants had executed the note and mortgage or made the cash payments, Katherine Holtapp died and consequently before the defendants did or could perform their part of the contract the subject-matter thereof was destroyed and ceased to exist. In a contract the performance of which requires the existence of a particular person or thing to complete its execution, a condition is always implied that the death or destruction of that person or thing shall excuse performance. *Emerich Outfitting Co. v. Siegel,*

*Cooper & Co.,* 237 Ill. 610. After her death there was no estate of homestead to release and no estate of dower to assign, and consequently no right of action to have said estate assigned could exist and survive to the administrator of her estate. If this count might have otherwise stated a good cause of action, it is subject to demurrer for the reason that it does not aver that Katherine Holtapp in her lifetime in pursuance to said contract, ever did, in fact, release her right of action to have her homestead, dower and widow's award set off, assigned and awarded.

In our opinion the court did not err in sustaining the demurrer to these counts nor in overruling the demurrer to the second and third special pleas to the original declaration. The judgment is therefore affirmed.

*Affirmed.*