Argued February 29; reversed March 12, 1940

# ENGLE v. STATE LAND BOARD OF OREGON
### (99 P. (2d) 1018)

Department 2.

*Sanderson Reed,* of Salem (I. H. Van Winkle, Attorney General, of Salem, and John A. Beckwith, of Portland, on the brief), for appellant.

*James H. Ganoe,* of Portland (Kneeland & Ganoe, of Portland, on the brief), for respondent.

KELLY, J. The question of the sufficiency of plaintiff's petition being presented by defendant's demurrer

thereto, we reproduce said petition, omitting its title, to wit:

"The petition of Leona Engle, as administratrix of the estate of Helena Pettingill, deceased, and as administratrix of the estate of Maude Pettingill, Ogden, deceased, respectfully shows:

I

That your petitioner is the duly appointed, qualified, and acting administratrix of the estate of Helena Pettingill, deceased, and is also the duly appointed, qualified, and acting administratrix of the estate of Maude Pettingill Ogden, deceased, and files and prosecutes this petition and proceeding by authority of order of the Probate Court of Multnomah County, duly made and entered in each of said probate proceedings.

II

That Fred Pettingill died on the 16th day of January, 1931, and was at the time of his death, an inhabitant of Multnomah County, Oregon, and left an estate therein.

III

That on the 19th day of January, 1931, Ross Enyart was duly appointed by the Probate Department of the Circuit Court of the State of Oregon for Multnomah County, as administrator of the estate of said Fred Pettingill, deceased, and thereafter qualified as such administrator and administered upon said estate, said order and probate proceedings being registered No. 33216 in said Court.

IV

That the said Fred Pettingill was survived by two sisters, Helena Pettingill, and Maude Pettingill Ogden, who were his sole and only heirs at law. That each of said sisters are now deceased, and this petitioner is the duly appointed, qualified, and acting administratrix of the estates of said sisters.

V

That the said Helena Pettingill and Maude Pettingill Ogden had no notice or knowledge of the probate

proceedings of the estate of Fred Pettingill, deceased, or of said estate, and neither of said sisters were parties or privies to said probate proceedings. That the administrator of the estate of Fred Pettingill, deceased, failed to locate either of said sisters, and did, pursuant to order of Court, duly entered in said probate proceedings, dated on the 31st day of December, 1931, cause to be paid over to the State Land Board of the State of Oregon, defendant herein, the sum of $540.92, being the residue of the estate of Fred Pettingill, deceased, remaining after the payment of claims against the estate, and the expenses of administration thereof. That said monies were and are held by said State Land Board in the escheated fund, under the provisions of the statutes of Oregon relating thereto.

## VI

That ten years have not elapsed since the probating of the estate of Fred Pettingill, deceased, nor the payment of the said money to the State Land Board. That the estate of Helena Pettingill and the estate of Maude Pettingill Ogden are rightfully entitled to the said sum of $540.92, so paid over to the State of Oregon, and this petitioner is entitled to collect and receive the same on behalf of the said estates and each of them.

Wherefore, your petitioner prays an order of this Court, setting time for hearing of this petition, and that upon such hearing an order be made, directing the State Land Board of Oregon to draw its warrant upon the State Treasurer of the State of Oregon for said sum of $540.92, payable to the petitioner herein.''

The demurrer to the foregoing petition, among other things, presents the question whether plaintiff has legal capacity to institute and prosecute this proceeding.

The provisions of the statute pertinent to the instant case are to the effect that within ten years after the payment of proceeds of escheated personal property to the state treasurer, a person, not a party privy to such proceedings nor having actual knowledge of the

making of such payment to the state treasurer, may file a verified petition in the circuit court showing his claim or right to the property escheated or the proceeds thereof. Such petition shall be verified by the oath of the petitioner whose age and place of residence shall be stated therein, "It also shall state in substance that the petitioner lawfully is entitled to such property or proceeds, briefly describing the same; that at the time said property escheated to the state the petitioner had no knowledge or notice thereof; that said petitioner claims said property or proceeds as the heir or next of kin, setting forth the relationship of the decedent, who, at the time of his death, was the owner of same", and that ten years have not elapsed since the payment of the proceeds of the escheated estate by the administrator thereof to the state treasurer. Oregon Laws 1937, chapter 217, page 306.

Because this proceeding has not been instituted by an heir or next of kin, but by the administratrix of the estate of such persons, we are confronted with the question whether the right to institute it survived the death of the heirs and next of kin of the former owner of the escheated fund.

The rule seems to be that a cause of action created by statute does not survive, unless declared to do so by the statute itself or unless provision thereof is made by some other statute. 1 C. J., Abatement and Revival, section 303, note 16, page 175, citing *Selden v. Illinois Trust Etc. Bank,* 239 Ill. 67, 87 N. E. 860, 130 Am. St. Rep. 180 and note; *Hitt v. Scammon,* 82 Ill. 519; *Turney v. Smith,* 14 Ill. 242; *Dempster v. Lansingh,* 166 Ill. A. 261.

The provisions of the statute, above outlined, plainly indicate that the right there given to institute a pro-

ceeding to recover escheated property is one that cannot be assigned. The petition must be verified by the petitioner; the age and place of residence of the petitioner must be stated; it must also state that the petitioner claims the property as the heir or next of kin; and the relationship of the petitioner to the decedent, who at the time of his death owned the property, must be stated. None of these prescribed allegations is made in plaintiff's petition herein.

The act of 1903, of which the present statute is an amendment, merely limited the right to claim escheated property to a person not a party or privy to the escheat proceeding. It did not require the claimant to state his age or place of residence. It did not specifically require the claimant to state the relationship or that he claimed the property as heir or next of kin. It did provide that the proceeds were charged with the expenses of administration and all claims and demands of creditors of said deceased and that said claims and demands should be adjudicated by the proper court. It further provided that in case of recovery there should be deducted from the amount adjudged to the person or persons entitled to such proceeds all claims and demands of creditors of said deceased, together with expenses of administration as adjudicated by the proper county court and said sum covering said expenses of administration, and said claims and demands of creditors, should be paid over to the administrator of said estate therein, to be disbursed by direction of the county court. It further provided that nine months should be allowed, after such judgment, within which to complete administration in the county court and to ascertain claims of creditors of said deceased; and after the expiration of said nine months, or prior thereto, if

all claims and demands of creditors and expenses of administration had been paid, the circuit court should order the secretary of state to draw his warrant on the treasurer for the payment of the remainder of said proceeds. General Laws of Oregon 1903, pp. 127-131; Vol. 2 Oregon Laws (1920), section 10157, p. 3611.

In 1927, this enactment was amended by omitting all reference to expenses of administration or claims of creditors and by requiring the verification to be made by the claimant, his age and place of residence to be stated and an averment that the petitioner makes his claim as heir and next of kin setting forth the relationship, etc. General Laws of Oregon 1927, chapter 281, p. 352, at pp. 354, 355.

It cannot be said that the matter of administration of estates was not in the legislative mind when this amendment was enacted. On the contrary, the legislature purposely foreclosed the right of the administrator and the creditors of the deceased owner to participate in the proceeds of the recovery; and by requiring the petitioner to verify the claim, to disclose his age and place of residence, to state in the petition that he claims as heir or next of kin of the former owner and to set forth his relationship to such owner, the legislature plainly withheld from a personal representative of a deceased heir or next of kin the right to institute such a proceeding.

"The legal title of the state to escheated property can be divested only in the mode and by the persons designated by law." 19 Am. Jur., Escheat, sec. 53, p. 414, note 13, citing *Mulligan v. Corbin*, 7 Wall. (U. S.) 487, 19 L. Ed. 222; *Gorney v. Milwaukee County Orphans Bd.* (C. C. A. 7th) 93 F. (2d) 107, 115 A. L. R. 1000.

"No person can take advantage of a statute protecting the rights of heirs unless he was a legally quali-

fied heir at the time of his ancestor's death. While the state may as a matter of grace agree to reimburse the rightful owner of escheated property subsequently appearing, it is not bound to do so, and it may exact conditions on which it will make reimbursement." 21 C. J., Escheat, sec. 42, at page 862, notes 78-81, citing *Fenstermacher v. State*, 19 Or. 504, 25 P. 142; *White v. White*, 2 Metc. (Ky.) 185, *Com. v. Thomas*, 140 Ky. 789, 131 S. W. 797.

"The procedure by which escheated property or its proceeds may be recovered by heirs is prescribed by statute." (citing *Northwestern Clearance Co. v. Jennings*, 106 Or. 291, 209 P. 875, 210 P. 884) "and only that method may be employed." (Citing *In re Kerr*, 190 Cal. 401, 212 P. 913) 4 Bancroft's Code Prac. & Remedies, sec. 3169, p. 4106.

"Except where it is otherwise provided, escheat proceedings are not governed by the rules of pleading and practice applicable to civil actions generally, as these rules are held not to apply to special statutory proceedings." Ibid, sec. 3156, p. 4093.

■ The right granted to an heir or next of kin to recover escheated property constitutes legislative consent on the part of the state to be sued. The law granting such a right should be given a strict construction because it is in derogation of the state's sovereignty. *Dougherty v. Vidal, et al.*, 37 N. M. 256, 21 P. (2d) 90; *Miller v. Pillsbury,* 164 Cal. 199, 128 P. 327; Ann. Cas. 1914B, 886; 59 C. J., sec. 460 at p. 303, note 48; Vol. II, Lewis' Sutherland Statutory Construction (2d Ed.) sec. 558, pp. 1038-9.

"Since a state may withold its consent entirely, its grant of the same may be made subject to such conditions and limitations as are deemed desirable. Any terms or conditions, thus prescribed, apparently are jurisdictional facts, and must be fully complied with. Consequently suit cannot be maintained against a state, unless plaintiff is a person or among the class of per-

sons, to whom the state's consent has been granted; unless the suit is founded on a cause of action, or is the type of case with reference to which suit has been authorized; unless all prescribed conditions precedent have been fully performed; and then only in the manner, as well as in the place, and courts designated." * * * "General procedural statutes in which the state is not specifically mentioned, and which if applied will operate to restrict the state's sovereignty, cannot be invoked against the state." 59 C. J., States, sec. 461, pp. 304-5-6.

■ The instant case was not instituted by anyone among the class of persons to whom the state's consent to be thus sued has been granted; it is not the type of a case with reference to which suit has been authorized in that it is not a proceeding wherein the petitioner makes the required averments of identity, residence, and relationship to the original owner. These requisites specified in the statute granting the cause of action to an heir or next of kin, by their express provisions dispel, dissipate and refute the suggestion that the authorized special proceeding to recover escheated funds may be maintained by an administratrix.

For these reasons, we hold that defendant's demurrer to plaintiff's petition should have been sustained and the proceeding dismissed.

No good purpose would be served by discussing the question of the constitutionality of the provision of the statute involved herein.

The judgment of the circuit court is reversed and this proceeding is remanded with instructions that an order and judgment of dismissal be entered.

RAND, C. J., and BAILEY and LUSK, JJ., concur.