Argued September 10, affirmed October 13, 1965

ROSS ET AL *v.* STATE LAND BOARD

406 P. 2d 549

*Roger H. Reid,* Albany, argued the cause and submitted briefs for appellants.

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, DENECKE, LUSK and SCHWAB, Justices.

## SCHWAB, J. (Pro Tempore)

By order of the probate court of Linn county the proceeds of the estate of Charles Barry, deceased, were paid into the escheat fund of the state of Oregon. The plaintiffs, a nephew and grandniece of the deceased, sought to recover these funds from the State Land Board as heirs and next of kin of the deceased in a circuit court action under the provisions of ORS 120.130 as authorized by ORS 117.310 (2). They appeal from an order dismissing their petition.

Plaintiffs make four assignments of error. One deals with the constitutionality of this statute; the other three deal with the disputable presumption of death and who has the burden of proof in cases involving this presumption.

The constitutional question was raised for the first time on appeal and, in effect, challenges not only the constitutionality of ORS 117.310 (2) but also the sufficiency of the notice requirements of the entire probate code. Since the question was not raised in the trial court, it will not be considered here. *Highway Com. v. Helliwell*, 225 Or 588, 358 P2d 719.

The record of the probate proceedings is before us as an exhibit on appeal. It discloses that Charles Barry died in January of 1952 and that his will was admitted to probate in the county court of Linn county during the same month. The actual will is not a part

of the record which, however, recites that in his will Barry named as his executrix and sole beneficiary a daughter, Maude Lansbery, who in fact predeceased him leaving no lineal descendants. From the record before us it appears that for practical purposes Barry died intestate, leaving both real and personal property. Besides the daughter who predeceased him, he had fathered five other children. The record shows that in his youth he was not much of a provider and that his wife, together with the five children who were very young at the time, left him in 1905 or 1906, ostensibly heading for California. Neither they nor their issue, if any, have since been heard from despite considerable effort to locate them by the administrator of Barry's estate. The probate remained pending for over ten years. An order approving the final account and directing distribution was not entered until April 20, 1962. During the course of administration the probate court, without any determination of heirship under ORS 117.510 et seq.,[1] declared the five children who

---

[1] The pertinent portions of this statute read:

"(1) In all estates being administered in this state, where the court in which the estate is being administered considers that reasonable doubt or uncertainty exists on the showing submitted as to who are the heirs or persons entitled to distribution in whole or in part of such estate, or where any person claiming to be an heir or distributee shall request such action, the court shall, after six months from the issuance of letters testamentary or of administration, order that the question of heirship or right to distribution, or both, be determined under the provisions of ORS 117.510 to 117.560.

"(2) Any person claiming to be an heir of the deceased, or to be entitled to distribution, in whole, or in part, of such estate may, as plaintiff, thereupon file a petition in the matter of such estate, setting forth with reasonable particularity the facts constituting his claim of heirship or interests as distributee. * * *"

The remainder of ORS 117.510 deals with the mechanics of notice and procedures.

had left half a century before to be the heirs at law of the deceased. The order of distribution directed that distribution be made to them. During the course of probate, the administrator petitioned the court for an order authorizing sale of the real property, stating that although there was almost $3,500 in cash on hand and no debts the property should be sold. The court so directed and the property was sold in 1961 for $9,100. After entry of the order of distribution on July 27, 1962, the court ordered that, the administrator being unable to locate any of the five children or obtain any information as to their whereabouts, the remaining personalty and the proceeds of the sale of the realty totaling $11,110.26 be paid to the Linn county treasurer, apparently under the provisions of ORS 117.310.[2] A year thereafter, following the provisions of ORS 117.310, the county treasurer paid the money to the State Land Board for placement in the escheat fund.

---

[2] This statute, on its face, purports to provide only for the handling of unclaimed legacies and proceeds of personal property. It reads in pertinent part:

"(1) If all the charges and claims have been satisfied upon the first distribution of the assets, or as soon thereafter as they may be, the court or judge thereof shall direct the payment of legacies and the distribution of the remaining proceeds of the personal property among the heirs or other persons entitled thereto.

"(2) If upon such distribution any heir, devisee or other person entitled to any of such proceeds fails to apply for his or her portion of the proceeds, for a period of three months after the making and entering of an order of distribution by the court having probate jurisdiction of the estate, such court may, at any time thereafter, upon a showing to that effect being made, by the executor or administrator, make an order directing such executor or administrator to pay the portion which such person is entitled to receive to the county treasurer of the county. * * *."

When Charles Barry died he left surviving him the following known relatives: (1) a sister, Edith Ross Hart; (2) a nephew, Kenneth Ross, son of Edith Ross Hart; (3) a nephew Cecil Ross, son of Edith Ross Hart; (4) a niece, Golda Sanders, daughter of Edith Ross Hart; (5) a grandniece, Mary Louise Wood, daughter of Golda Sanders. Cecil Ross left Oregon in the 1930's and the parties to this action disclaim any knowledge of his activities or whereabouts since that time. The plaintiffs in this case, Kenneth Ross and Mary Louise Wood, lived in Oregon during the time the Barry estate was being probated but neither had personally known Charles Barry. Both of them learned of his death very shortly after the event and knew that his estate was in probate. Ross testified that he and his mother, Edith Ross Hart, came to Albany at least once and discussed the matter of Charles Barry's estate with L. L. Swan, now deceased, attorney for the initial administrator. After his mother died and prior to the order of distribution in the probate proceedings Kenneth Ross consulted a lawyer in Portland about the estate. Mrs. Wood for some years gave little thought to the whole matter because she first thought her grandmother, Edith Ross Hart, would inherit and after Mrs. Hart's death that her uncle, Kenneth Ross, and her mother, Golda Sanders, would inherit. Edith

---

The remainder of this statute provides that the county treasurer shall hold the funds for the distributee for one year and then if still unclaimed pay the money over to the State Land Board for inclusion in the escheat fund. The statute then provides that the person entitled thereto may, within ten years from the date of payment to the State Land Board, apply for and recover the funds in the manner provided for the recovery of escheat funds in ORS 120.130 to 120.150.

Ross Hart died in 1958. Golda Sanders died in 1963. The record does not disclose whether either left a will.

In late 1963 or early 1964 the plaintiffs apparently realized that the five missing children of Charles Barry had not been located, and that with the death of their respective parents they might be in a position to acquire the assets of the estate of Charles Barry. They then retained their present attorney to represent them.

On February 14, 1964, plaintiffs petitioned the probate court for an order re-opening the estate and appointing an administrator, and for a determination of heirship. An order was entered purporting to re-open the estate and fixing June 1, 1964 as the time for determination of heirship proceedings. The probate file reflects no further action in the probate court.

On March 31st, 1964, the plaintiffs commenced the action resulting in the order from which they appeal. The circuit court heard the matter without a jury as an action at law. It made no findings as such but dismissed the plaintiffs' petition by an order stating in part that "plaintiffs have failed to prove the death of Charles Barry's children and a presumption of death of said children being inappropriate under the facts of this case, it is, therefore ORDERED that the petition filed herein by plaintiffs is hereby denied and dismissed," apparently relying upon *Kankkonen v. Hendrickson et al*, 232 Or 49, 374 P2d 393. This is the issue to which the plaintiffs address themselves in the remaining three assignments of error.

We do not reach this question. The complaint (denominated petition in accordance with ORS 120.130)[9]

---

[9] "(1) Within 10 years after judgment in any proceeding in the circuit court escheating real property to the state, or

shows on its face that Edith Ross Hart, sister of Charles Barry, survived him. If the five children of Barry are presumed to have predeceased him, Edith Ross Hart was his next of kin and heir, and upon her death her surviving rights can be exercised only by her executor or administrator.

This court has held that both real and personal property or the proceeds thereof vest immediately upon death of the deceased in his heir or next of kin, subject to expenses of administration and claims, and that in the event of the death of an heir prior to distribution of assets, " 'it follows from the doctrine of the vesting of the distributee's interest at the time of the intestate's death that if a person entitled to distribution die before distribution is made or his legacy paid to him, his share will go to his legal representative and not to those who, by reason of his death, have become the next of kin of the intestate.' " *In re Mc-Leod's Estate,* 159 Or 687, 690, 82 P2d 884, citing 3 Woerner (3d Ed), American Law of Administration, 1932, § 565.

The pertinent provisions of ORS 120.130 have been interpreted in *Engle v. State Land Board,* 164 Or 109, 99 P2d 1018. There, the court sustained a demurrer to

---

after the order of the court having probate jurisdiction directing the conveyance of escheated real property to the state and in all other cases within 10 years after payment of the proceeds of escheated personal property to the State Land Board, claim may be made for the property escheated, or the proceeds thereof, by or on behalf of a person not a party or privy to such proceeding, nor having actual knowledge of the making of such judgment or order or of such payment to the State Land Board.

"(2) * * * The petition * * * shall state:

"* * * * *

"(d) That the claimant claims the property or proceeds as an heir or next of kin, or as executor, administrator, guardian or conservator of either * * *."

a petition brought under the statute, stating at page 115, "the right granted to an heir or next of kin to recover escheated property constitutes legislative consent of the state to be sued. The law granting such a right should be given a strict construction because it is in derogation of the state's sovereignty," and further at page 116, "the instant case was not instituted by anyone among the class of persons to whom the state's consent to be thus sued has been granted; \* \* \* These requisites specified in the statute granting the cause of action to an heir or next of kin, by their express provisions dispel, dissipate and refute the suggestion that the authorized special proceedings to recover escheated funds may be maintained by an administratrix." The *Engle* case was tried under Ch 217, Oregon Laws of 1937, the forerunner of ORS 120.130, which gave the right of action to an heir or next of kin only and not to his personal representative. This statute was amended by Ch 421, Oregon Laws of 1957, to give the right not only to the heirs or next of kin but also to the "executor, administrator, guardian or conservator of either." Plaintiffs clearly fall within neither of these categories, and so have no cause of action under ORS 120.130. *In re McLeod's Estate, supra,* demonstrates that Charles Barry's next of kin and heir, as these words are used for the purposes of the statutes governing descent and distribution, was whoever qualified as such at the moment of Charles Barry's death. While in these proceedings we need not and do not determine who did so qualify, we can be certain that the plaintiffs did not. To permit them to maintain these proceedings would be to disregard our previous decisions and to ignore the statutes of descent and distribution.

Affirmed.