Argued February 3, reargued May 4, reversed May 24, 1967

STAIRS, *Respondent, v.* PRICE, *Defendant,*
and
STATE LAND BOARD, *Appellant.*

428 P. 2d ·182

*Wayne M. Thompson,* Assistant Attorney General, Salem, argued and reargued the cause for appellant. With him on the briefs was Robert Y. Thornton, Attorney General, Salem.

*Harold A. Fabre,* Pendleton, argued and reargued the cause for respondent. With him on the brief were Fabre & Collins and Leeroy O. Ohlers, Pendleton.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and FORT, Justices.

DENECKE, J.

The law of escheat is the subject of this appeal.

The plaintiff alleged in his complaint that a constructive trust should be imposed upon the real and

personal property of the decedent and that he should be declared beneficiary. The property has escheated to the state and has been transferred. In another count he alleges an oral promise by the same decedent to make a will leaving all of his property to plaintiff and asks that such promise be specifically enforced.

The state demurred upon the ground that the complaint constitutes a suit against the state without its consent. The trial court overruled the demurrer, the state did not plead further, and a judgment was entered against it. The state appeals.

The state contends that this proceeding is necessarily one brought pursuant to ORS 120.130.① Subsection (2)(d) thereof requires the claimant to state: "That the claimant claims the property or proceeds

① "(1) Within 10 years after judgment in any proceeding in the circuit court escheating real property to the state, or after the order of the court having probate jurisdiction directing the conveyance of escheated real property to the state, and in all other cases within 10 years after payment of the proceeds of escheated personal property to the State Land Board, claim may be made for the property escheated, or the proceeds thereof, by or on behalf of a person not a party or privy to such proceeding, nor having actual knowledge of the making of such judgment or order or of such payment to the State Land Board.

"(2) The claim shall be made by a petition filed in the court in which the escheat proceedings were held. The petition shall be verified in the same manner as a complaint and shall state:

"(a) The age and place of residence of the claimant by whom or on whose behalf the petition is filed;

"(b) That the claimant lawfully is entitled to such property or proceeds, briefly describing the same;

"(c) That at the time the property escheated to the state the claimant had no knowledge or notice thereof;

"(d) That the claimant claims the property or proceeds as an heir or next of kin, or as executor, administrator, guardian or conservator of either, setting forth the relationship of the decedent, who at the time of his death was the owner of same;

"(e) That 10 years have not elapsed since the making of the judgment or order escheating the property to the state, or since the payment of the proceeds of the escheated estate by the administrator thereof to the State Land Board pursuant to the order of the court having probate jurisdiction; and * * *."

as an heir or next of kin, or as executor, administrator, guardian or conservator of either, * * *." The plaintiff acknowledges that he does not have the status of any of those named.

The plaintiff contends that this is not a proceeding brought pursuant to the above-quoted statute. He asserts that it is a suit in equity to establish a trust.

We hold the state's demurrer should have been sustained.

 Our statutes contemplate that the probate court shall administer the estate of one who dies intestate without heirs in the same manner as other estates. The probate court determines the rights of claimants to the estate pursuant to its general grant of probate authority. *State v. O'Day*, 41 Or 495, 500, 69 P 542 (1902). After the filing of the final account and a determination that the decedent died intestate without heirs the probate court serves the order of escheat upon the state. ORS 120.030(1). The state has an opportunity to file objections to the final account.

If it is necessary for an information of escheat to be filed, the administration of the estate is partially transferred out of probate court and the circuit court determines the "question of heirship or right of claimants to the estate." ORS 120.070. When these determinations are concluded by either court, the property remaining subject to escheat, or the proceeds thereof, are transferred to the state. ORS 120.030(3), 120.110.

 The claims of the present plaintiff could have been presented in either the probate court or the circuit court, depending upon the form of the escheat proceeding.[2] The issue is, after the proceeds of the escheated

---

[2] It may be necessary for the claimant to first establish his right as a beneficiary of a constructive trust in a court of equity. *Dunham v. Siglin*, 39 Or 291, 296, 64 P 661 (1901).

property have been paid by the administrator to the state, can the plaintiff, who is not claiming as an heir, next of kin, or the representative of such, maintain a suit or action against the state to compel the state to pay over such funds to plaintiff?

We hold he cannot.

■■ Escheat is governed almost entirely by statute and it is regarded as an incident of sovereignty. 20 Or L Rev 390, 391 (1941). "Suit" cannot be brought against the state without legislative consent. Art IV, § 24, Oregon Constitution.

The first legislature recognized that persons having a claim to the estate of an intestate might not know of the death or escheat proceeding. For this reason the first escheat statute provided that any persons "claiming to be the heirs of such deceased person" may within 15 years after the escheat apply to the court and establish their claim to the escheated property. General Laws of Oregon (Deady 1845-1864), ch 15, § 5, p 720. The statute limited to "heirs" this right to open the escheat.

Oregon Laws 1887, § 7, p 68, changed the statute to read, instead of "heirs," a "person not a party or privy to such [escheat] proceeding" and lowered the time limit to 10 years. In 1927 the statute was amended to read, as it does at present, that the petitioner must set forth that he "claims said property or proceeds as the heir or next of kin (setting forth the relationship) * * *." Oregon Laws 1927, ch 281, p 355.

■ This court has consistently interpreted whatever statute on this subject was in force strictly "because it is in derogation of the state's sovereignty." *Engle v. State Land Board,* 164 Or 109, 115, 99 P2d 1018 (1940).

In *Engle v. State Land Board,* supra, the person

claiming to be an heir of the decedent whose property had been escheated had died. The proceeding to recover the escheated property was brought by the administratrix of such heir. We held that the statute limited actions to an "heir or next of kin" and this did not include the personal representative of an heir. In a statement which is dictum the court stated that creditors of the intestate decedent, as well as representatives of deceased heirs, could not maintain a claim against escheated property.

As a result of the decision in *Engle v. State Land Board,* supra, the statute was amended to provide that the personal representative of an heir or next of kin could maintain an action pursuant to the statute.

In *Peters v. McKay,* 195 Or 412, 466, 238 P2d 225, 246 P2d 585 (1952), this court reaffirmed the principle of *Engle v. State Land Board,* supra, and its successors, stating:

> "Under these decisions, it is clear that OCLA, § 21-113 as amended [now ORS 120.130], must be treated as a consent statute, the terms and conditions of which must be fully complied with, and that the right which is created by the statute is personal to the heirs and next of kin of the deceased and can be enforced by no other person, not even by the administrator of an heir. * * *"

In *Rogers v. Holmes,* 214 Or 687, 332 P2d 608 (1958), the Attorney General of the United States, as successor to the Alien Property Custodian, brought a proceeding to recover property which had escheated. The Attorney General claimed ownership through an alien enemy who was an heir of the decedent whose property escheated. We adhered to the doctrine of *Engle v. State Land Board,* supra, and held that as the plaintiff was not an heir, or, under the amended stat-

ute, a representative of an heir, he had no standing to sue the state.

Basye, *Decedents' Estates—1959 Oregon Survey,* 39 Or L Rev 176, 185 (1960), comments on *Rogers v. Holmes,* supra, as follows: "The strict interpretation of the Oregon statute in the instant case follows the lead of previous Oregon cases and those in other jurisdictions viewing the recovery of escheated property as suits consented to by the sovereign under strict terms and conditions."

Recently, in *Ross v. State Land Board,* 241 Or 442, 449, 406 P2d 549 (1965), we again relied upon the *Engle* case. We stated:

"* * * This statute [now ORS 120.130] was amended by Ch 421, Oregon Laws of 1957, to give the right not only to the heirs or next of kin but also to the 'executor, administrator, guardian or conservator of either.' Plaintiffs clearly fall within neither of these categories, and so have no cause of action under ORS 120.130. * * *"

1 Jaureguy and Love, Oregon Probate Law and Practice, 195, § 205 (1958), states the law in Oregon to be as follows:

"Since any such proceeding to recover escheated property is an action against the state, the statute giving the above right of action involves a consent by the state to be sued. Such consent is subject to such conditions as the state has seen fit to impose. Accordingly, one seeking to establish his right to escheated property must prove the existence of all the conditions which the statute imposes. * * *"

The statutes and decisions of most jurisdictions are similar to those of Oregon:

"To whatever extent an escheat remains subject to effective attack, the rights of third persons are

protected. *The period for such attack is sometimes restricted to the time when the decree of escheat is under judicial consideration;* or it may include that period plus an additional period of years. * * *" 6 Powell, Real Property, 602, § 990. (Emphasis added.)

Illustrative statutes are those of Pennsylvania, 27 P S § 91, and 11 Code of Laws of South Carolina 1962, § 57-211. Pennsylvania provides that "any person" claiming an interest in the escheated land and who had no actual notice of the escheat proceedings must file his claim within three years after the adjudication of escheat. South Carolina provides any person can file claim to escheated lands within five years. The language of the statute, "any person," would appear to include persons claiming as grantees, or trust beneficiaries, as well as heirs.

■ The United States Supreme Court long ago held it was not unconstitutional to cut off another's interest in property by escheat although such claimant did not have actual notice of the escheat proceeding:

"When a man dies the legislature is under no constitutional obligation to leave the title to his property, real or personal, in abeyance for an indefinite period, but it may provide for promptly ascertaining, by appropriate judicial proceedings, who has succeeded to his estate. If such proceedings are had, after actual notice by service of summons to all known claimants, and constructive notice by publication to all possible claimants who are unknown, the final determination of the right of succession, either among private persons, as in the ordinary administration of estates, or between all persons and the state, as by inquest of office or similar process to determine whether the estate has escheated to the public, is due process of law; and a statute providing for such proceedings and deter-

mination does not impair the obligation of any contract contained in the grant under which the former owner held, whether that grant was from the state or from a private person." *Hamilton v. Brown,* 161 US 256, 275, 16 S Ct 585, 40 L ed 691 (1896).

██ Under the Oregon escheat statutes claimants against an estate, be they creditors, beneficiaries of constructive trusts, etc., have an opportunity to establish their claim during the administration of the estate. After the administration has been completed and the escheated property, or its proceeds, has been transferred to the state, the opportunity to successfully establish a claim to the property has been severely restricted by the legislature. ORS 120.130 limits this opportunity to an "heir or next of kin" or their personal representatives. No others have been granted legislative permission to sue the state. Plaintiff is admittedly not within categories stated in ORS 120.130 and, therefore, the state's demurrer should have been sustained.

Reversed.

O'CONNELL, J., dissenting.

The escheat statutes were designed to vest in the state only that property which had not been disposed of by an heirless decedent prior to his death. If the decedent had executed and delivered to plaintiff a deed to the property in question and an order of escheat was entered, certainly it would not be contended that the state would be entitled to the property as against the title holder. The same result should obtain when the claimant's interest arises by way of a trust, including a constructive trust as in the present case.

The decree of the trial court should be affirmed.

McALLISTER and SLOAN, JJ., join in this dissent.