In re ESTATE OF EDWARD E. DAVIS, Deceased (Adelyn K. Davis, Plaintiff-Appellant, v. Lola Dolbeare, Indiv. and as Ex'x of the Estate of Edward E. Davis, Defendant-Appellee).

Third District   No. 3—84—0079

Opinion filed August 8, 1984.

Louis G. Lenard, of Joliet, for appellant.

Samuel Saxon, of Saxon, Niznik, Peterson & Selfridge, of Plainfield, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This action was brought by the assignee of an heir at law to contest the validity of the decedent's will. The executrix filed a motion for judgment on the pleadings, and the court dismissed the complaint, finding that the assignee of an heir at law does not have standing to contest the validity of the decedent's will. We affirm.

The decedent, Edward E. Davis, died on April 11, 1983. His will, which had been executed on April 9, 1983, was offered for probate on May 10, 1983.

On April 26, 1983, a copy of the decedent's will was mailed to the attorney representing the decedent's half-brother, Earl John Taylor. The will disinherited Taylor. On May 3, 1983, Taylor assigned his interest in the estate to Adelyn K. Davis, the divorced wife of the decedent. On May 11, 1983, Adelyn Davis filed her petition for letters of administration and was appointed administrator of the decedent's estate on June 10.

On June 21, 1983, Lola Dolbeare was appointed executrix and the will was admitted to probate. The order appointing Adelyn Davis as administrator was vacated. On November 18, 1983, Adelyn Davis, as assignee of Earl Taylor, filed a complaint to contest the will. The complaint was dismissed on January 12, 1984. Davis appeals.

At common law, the right to contest the validity of a will was not assignable nor did the right survive the death of the possessor or descend to his heirs. (36 Ill. L. & Prac. *Wills* sec. 172 (1958).) This rule has been modified somewhat by section 8—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110 1/2, par. 8—1), which now provides that the right to institute or continue a will contest survives the death of the possessor and, in the event of his death, descends to the heir, legatee, representative, grantee or assignee of the person entitled to institute the proceeding. Although the right survives the death of the possessor, this section does not provide for an *inter vivos* assignment.

■ When the decedent's will was admitted to probate, Earl Taylor had no property interest in the estate because the will left him nothing. All Taylor possessed was the bare right to contest the validity of the will. (*McDonald v. White* (1889), 130 Ill. 493, 498.) This right was not assignable.

In order to avoid the effect of section 8—1, the appellant argues that Earl Taylor did not assign his right to contest the decedent's will but instead assigned his one-seventh interest as an heir at law of the decedent. Thus, the appellant contends that she is an interested person in her own right under section 8—1. We disagree. What Adelyn Davis was attempting in this case was, literally, buying a law suit.

■ Earl Taylor assigned only his expectancy as one of the decedent's heirs at law. Such an assignment is enforceable at equity and is regarded as a contract between assignor and assignee to convey the interest if and when it should vest in the assignor. (*Dyblie v. Dyblie* (1945), 389 Ill. 326; 3 Ill. L. & Prac. *Assignments* sec. 16 (1953).) Thus, the appellant has no vested interest in the decedent's estate. Since the appellant is not an heir, her only claim is against Taylor as assignor if and when he should receive an intestate share of the decedent's property. Therefore, the assignment of Taylor's expectancy did not convey a sufficient property right to make the appellant an interested person under section 8—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110 ½, par. 8—1). The complaint was properly dismissed.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.